In the Matter of GOLDSTEIN MOTORS, INC., Petitioner, v JAMES P. MELTON, as Commissioner of the Department of Motor Vehicles, Respondent.

Third Department, April 8, 1976

*Ungerman & Ackerman, P. C. (Stephen Wiley* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Philip J. Fitzgerald, Ruth Kessler Toch* and *Jean M. Coon* of counsel), for respondent.

MAIN, J. Petitioner is a domestic corporation which has heretofore engaged in the wholesale and retail sale of motor vehicles under a dealer registration issued by the Department of Motor Vehicles. Following an investigation by the New York State Police, criminal charges were filed against petitioner for fraudulently turning back the odometers in automobiles which it had for sale so that it would appear that there was less mileage on them and their marketability would be enhanced, and, subsequently, a plea of guilty was entered on behalf of the corporation and a fine of $3,600 was paid. Thereafter, a hearing was conducted before a referee for the Department of Motor Vehicles, and in his report the referee found that petitioner, through its president, Rodney Goldstein, and vice-president, Alan Goldstein, had violated section 415 (subd 9, pars c, d) of the Vehicle and Traffic Law and various provisions of the Regulations of the Commissioner of Motor Vehicles (15 NYCRR 78.11 [a] [12]; 78.25 [a] [1]; 78.25 [b]), by reason of its fraudulent business practices. Accordingly, he recommended, *inter alia,* that petitioner's dealer registration be revoked, and said recommendation was affirmed by the Administrative Appeals Board and adopted by respondent commissioner.

On this appeal, petitioner contends initially that the penalty imposed was so excessive as to constitute an abuse of discretion, but we disagree. It is by now well settled that the measure of punishment imposed by an administrative agency is not to be disturbed unless it "is so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness." *(Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck,* 34 NY2d 222, 233; *Matter of Stolz v Board of Regents of Univ. of State of N. Y.,* 4 AD2d 361, 364.) Plainly, the penalty in this instance is not so "shocking", and the authorities relied upon by petitioner are rendered inapposite by its admitted repeated violations of the statutes and regulations in question. This activity on the part of the petitioner's officers, in our view, constitutes a most reprehensible course of conduct designed to deceive, mislead and bilk an unsuspecting

public and to seek an unfair advantage over other automobile dealers, the vast majority of which adhere to the law and regulations. To properly protect the public and the legitimate dealerships, stern action is called for and we find no valid reason to disturb the commissioner's determination.

Petitioner's further contention relative to the referee's recommendation that any application for a new license by petitioner, Rodney Goldstein or Alan Goldstein should not be given favorable approval until the expiration of at least 12 months is not completely without merit. Such a recommendation was clearly unauthorized and, therefore, improper. However, since it is merely an expression of the referee's personal opinion and in no way binding upon the Department of Motor Vehicles in its future dealings with petitioner or the Goldsteins, it does not serve to render the penalty imposed here illegal as argued by petitioner.

The determination should be confirmed, and the petition dismissed, with costs.

KOREMAN, P. J., GREENBLOTT, KANE and LARKIN, JJ., concur.

Determination confirmed, and petition dismissed, with costs.