■ In the Matter of MICHAEL J. HOLCHUCK, Respondent, v JOHN A. PASSIDOMO, as Commissioner of New York State Department of Motor Vehicles, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Harlem, J.), entered July 11, 1983 in Chemung County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of

respondent revoking petitioner's motor vehicle dealer's registration. ¶ Petitioner, a used car dealer, entered a plea of guilty in October, 1982 to the crime of falsifying business records in the first degree by setting back an odometer on a used car he sold. He was sentenced to five years' probation and directed to pay approximately $9,000 in restitution to the purchasers of that and 17 other vehicles. Thereafter, in February, 1983, an administrative hearing was conducted pursuant to subdivision 9 of section 415 of the Vehicle and Traffic Law to determine whether petitioner's dealer's registration should be suspended or revoked and/or whether a civil penalty should be imposed. At the conclusion of the hearing, it was determined that petitioner's registration should ·be revoked. Petitioner appealed this determination to the department's administrative appeals board, which dismissed the appeal. ¶ Petitioner then commenced this CPLR article 78 proceeding challenging the revocation of his dealer's registration. By order dated July 8, 1983, Special Term rescinded the department's determination and, instead, ordered that petitioner's dealer's registration be suspended for 60 days. Respondent commissioner appeals this determination. ¶ We must reverse. The power of the Supreme Court to review administrative actions and the extent of sanctions imposed is strictly limited (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233-235). The decision of an administrator with the responsibility of licensing and disciplining occupations should not be set aside unless its measures are shockingly unfair (*id.*). Considering the fraudulent and grave nature of petitioner's wrongdoing, we do not believe that the revocation of his license was shocking to one's sense of fairness (*Matter of Goldstein Motors v Melton,* 51 AD2d 384). The public relies upon the representations made by auto dealers and should clearly be protected from their deceitful practices. ¶ Judgment reversed, on the law, without costs, determination revoking petitioner's dealer's registration reinstated, and petition dismissed. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.