◼ In the Matter of Joseph R. Ries et al., Petitioners, v Patricia B. Adduci, as Commissioner of Department of Motor

Vehicles of the State of New York, Respondent.—Yesawich, Jr., J.

Petitioner Joseph R. Ries (hereinafter petitioner) engaged in the business of selling used cars and operating a car rental agency, was registered by the Department of Motor Vehicles (hereinafter DMV) in January 1982 as a motor vehicle dealer. On January 25, 1984, he was convicted in Federal court of violating 15 USC §§ 1984, 1990c (a) and 18 USC § 2; he pleaded guilty to tampering, in February 1980, with the odometer of a motor vehicle. When this information came to its attention, DMV charged petitioner with violating Vehicle and Traffic Law § 415 (9) (c) (committing a fraudulent trade practice) and Vehicle and Traffic Law § 415 (9) (g) (having been convicted of a crime involving dishonesty or deceit). After an adversarial hearing, at which petitioner was represented by counsel, an Administrative Law Judge sustained both charges, revoked petitioner's dealer registration and levied a fine of $2,500. The DMV Administrative Appeals Board affirmed and this CPLR article 78 proceeding was initiated.

Foremost among petitioner's contentions is that revocation of his registration and imposition of the monetary fine for odometer tampering which preceded his becoming a registered motor vehicle dealer violates the ex post facto clause of the US Constitution and that respondent's determination is not supported by substantial evidence.

With respect to petitioner's ex post facto argument, we note that interests protected by that constitutional provision are not implicated by respondent's actions. No transgression took place, for the statutes in issue on this appeal were in effect when, in 1980, the odometer alteration admittedly occurred; Vehicle and Traffic Law § 415 (9) (c) was enacted in 1959 (L 1959, ch 775) and Vehicle and Traffic Law § 425 (9) (g) was enacted in 1970 (L 1970, ch 335). As both statutes antedate the behavior complained of, petitioner was chargeable with notice that his registration was subject to revocation if fraudulent conduct was undertaken. Furthermore, Vehicle and Traffic Law § 415 (9-c), which authorizes monetary penalties (L 1976, ch 647, § 3), was enacted in 1976.

More important, however, is the plain wording of Vehicle

and Traffic Law § 415 (9). It does not, as petitioner suggests, require that the fraudulent activity must come to pass *after* registration. Inasmuch as preregistration misdeeds may constitute grounds for denial of a license *(see,* Vehicle and Traffic Law § 415 [9] [c], [g]), it would be incongruous and indeed contrary to the statute's legislative purpose, which is to protect the consumer and law-abiding dealers from the ills associated with deceitful dealerships *(Matter of Holchuck v Passidomo,* 101 AD2d 917, 918), to read it as precluding DMV from revoking a license merely because it had not been made aware of a registrant's disqualifying misbehavior until after he had been registered.

The claim that the evidence underlying respondent's determination was unsubstantial, like petitioner's parallel assertion that he was denied a fair hearing, is unpersuasive. Not only does the record contain admissions by petitioner of his complicity in odometer rigging, but his conviction is documented by a certified copy of the Federal court judgment and probation/commitment order. Nor do we find offensive the manner in which this administrative hearing was presided over or that the technical rules of evidence were not utilized *(see,* State Administrative Procedure Act § 306 [1]).

Finally, we are unconvinced that the penalty imposed is so disproportionate to the offense as to be shockingly unfair; hence, interference therewith on our part would be inappropriate *(see, Matter of Holchuck v Passidomo,* 101 AD2d 917, 918, *supra).*

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.