■ In the Matter of FRANK A. ROMEO, Doing Business as EXECUTIVE MOTOR CAR COMPANY, Petitioner, v PATRICIA B. ADDUCI, as Commissioner of Motor Vehicles of the State of New York, et al., Respondents.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Motor Vehicles which, *inter alia,* suspended petitioner's motor vehicle dealer's license.

On March 25, 1987, petitioner, a used car dealer, sold a

1979 Chevrolet Blazer to Stephen Winnie. Shortly thereafter, Winnie discovered that the engine leaked oil. Petitioner's attempts to repair the problem proved unsuccessful. In June 1987, Winnie filed a complaint with the Department of Motor Vehicles (hereinafter DMV). An investigation ensued and several charges were levied. After a hearing, an Administrative Law Judge found petitioner guilty of (1) failing to record the vehicle's mileage on the sales invoice (15 NYCRR 78.13 [a]), (2) failing to provide a certificate of adequacy (15 NYCRR 78.13 [b]), (3) failing to properly inspect the vehicle prior to sale, with the result that it was sold without a catalytic converter, a crack in the exhaust system repaired with a muffler bandage and oil leaks (15 NYCRR 78.13 [c]), (4) failing to record the Winnie sale and the repurchase of the vehicle from Winnie's immediate predecessor in the book of registry (15 NYCRR 78.25 [a] [1]), (5) a fraudulent trade practice in violation of Vehicle and Traffic Law § 415 (9) (c), and (6) a misrepresentation of the vehicle's condition in violation of Vehicle and Traffic Law § 417. Upon further review, DMV's Administrative Appeals Board dismissed charge No. 1, determined that charge No. 5 merely duplicated charges Nos. 3 and 6, and assessed a reduced penalty of $2,000, together with a 10-day license suspension. Respondent Commissioner of Motor Vehicles adopted the findings of the Appeals Board. This CPLR article 78 proceeding ensued.

Initially, we observe that petitioner does not controvert charges Nos. 2 and 4. Petitioner essentially maintains that the record fails to substantiate that the described defects existed at the time of sale. The contention is not persuasive. Through the testimony of Winnie and the DMV investigator who examined the vehicle on July 8, 1987, the Commissioner had ample basis to conclude that petitioner knowingly sold the vehicle with a severe oil leak and a cracked exhaust system. The fact that petitioner recently reacquired the vehicle from Winnie's predecessor buttresses this conclusion. Moreover, petitioner failed to repair the vehicle as warranted. Given the described condition of the vehicle, the Commissioner's determination that petitioner falsely represented the vehicle as roadworthy (Vehicle and Traffic Law § 417; 15 NYCRR 78.13 [c]) and engaged in a fraudulent trade practice (Vehicle and Traffic Law § 415 [9] [c]) is supported by substantial evidence. The penalty imposed was clearly not excessive (see, Matter of Ries v Adduci, 124 AD2d 923, 925, appeal dismissed 69 NY2d 822; Sheehan v Passidomo, 122 AD2d 869, 870; Matter of Holchuck v Passidomo, 101 AD2d 917, 918; Matter of Ann-Son

*Auto Sales v Commissioner of Dept. of Motor Vehicles of State of N. Y.*, 83 AD2d 759, 760).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Mercure and Harvey, JJ., concur.