■ In the Matter of SMITH PONTIAC-GMC, Petitioner, v COMMISSIONER OF THE DEPARTMENT OF MOTOR VEHICLES et al., Respondents.—Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme

Court, entered in Albany County) to review a determination of respondent Commissioner of Motor Vehicles which, *inter alia,* found that petitioner violated Vehicle and Traffic Law § 417.

Petitioner brought this CPLR article 78 proceeding to review a determination of respondent Commissioner of Motor Vehicles that petitioner violated Vehicle and Traffic Law § 417 by falsely certifying that a motor vehicle which it sold was, under normal use, in condition to render satisfactory service upon the public highway. In our view, there is substantial evidence in the record to support the finding that petitioner violated Vehicle and Traffic Law § 417. We accordingly confirm the determination and dismiss the petition.

Evidence was adduced at a hearing that petitioner, a retail automobile dealer, sold Rodney Thomas a used car on March 28, 1988. Thomas had previously test-driven the vehicle and advised petitioner's salesperson of a problem with engine "surging" and "dieseling". Thomas was advised that the problem would be corrected with a routine predelivery tune-up of the vehicle. On the day Thomas took delivery of the car he noticed the same surging problem, which grew worse the more he drove. Thomas advised petitioner's salesperson of the problem on April 4, 1988, and the car was returned to petitioner's service department for repairs on April 6, 1988. Petitioner was unable to correct the problem and ultimately repurchased the vehicle from Thomas. Finally, Joseph O'Brien, a State automotive facilities inspector, testified that the surging problem was one that would have been revealed by a proper inspection.

Contrary to petitioner's contention, this evidence is sufficient to support the finding that petitioner violated Vehicle and Traffic Law § 417. Clearly, the car's condition of "accelerating without being given additional gas" existed at the time the car was delivered to Thomas and prevented the vehicle from delivering satisfactory and adequate service on the highway. It necessarily follows that petitioner's certification that the vehicle was "in condition and repair to render, under normal use, satisfactory and adequate service upon the public highway at the time of delivery" (Vehicle and Traffic Law § 417) was false. Further, the testimony that a proper inspection would have disclosed the defect supports a finding that the inspection performed by petitioner was not appropriate, particularly in view of the fact that petitioner was aware of the surging problem prior to delivery.

We have reviewed the other contentions raised on this appeal and find them to be without merit.

Determination confirmed, and petition dismissed, without

costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.