■ In the Matter of CARL S. NAZARIAN, Doing Business as EMPIRE STATE CARS, Petitioner, v RICHARD JACKSON, as Commissioner of the New York State Department of Motor Vehicles, Respondent. [663 NYS2d 354] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, *inter alia*, suspended petitioner's motor vehicle dealer license.

On April 26, 1994, petitioner sold a 1985 Honda Civic to Muhammad Arain for $2,700. Arain immediately started having problems with the vehicle. In the ensuing months, Arain returned the vehicle to petitioner on more than one occasion and had various other automotive repair shops work on the car, all to no avail. It was ultimately determined that the camshaft of the vehicle had been sheared off.

Arain filed a complaint with the Department of Motor Vehicles (hereinafter DMV) which prompted an investigation into petitioner's activities. As a result of the investigation, petitioner was charged with misrepresentation of the vehicle's condition in violation of Vehicle and Traffic Law § 417 and failing to include the dealership address on the sales invoice in violation of 15 NYCRR 78.13 (a) (1). Following an administrative hearing, petitioner was found guilty of these charges. The penalty imposed consisted of a $3,800 fine and 90-day suspension of his license, or alternatively, restitution to Arain of $2,700 and a 30-day suspension of his license. The determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.

Based upon our review of the record, we find that the determination is supported by substantial evidence. According to Arain and George Scott, automotive facilities inspector for DMV, Arain had difficulty starting the vehicle on April 27, 1994, the day after he purchased it from petitioner. Arain contacted petitioner on May 2, 1994, at which time he returned the vehicle to petitioner for repair. Petitioner kept the vehicle until May 7, 1994 and, when Arain drove it home on that date, the vehicle stalled. On May 9, 1994, Arain again informed petitioner of the problems he was having with the vehicle and petitioner had it towed to R & S Motors. R & S Motors performed a variety of work on the vehicle, including replacing the head gasket, intake gasket, exhaust gasket, exhaust valve and spark plugs. When Arain retrieved the vehicle from R & S Motors, he again had difficulty starting it.

On June 2, 1994, Arain took the vehicle to Mohawk City Honda and Albany City Honda. These dealerships did not

identify the problem with the vehicle's idling, but did observe oil in the engine coolant. Mohawk City noted that there was possibly a bad head gasket or internal engine problem that would require the engine to be disassembled. Shortly thereafter, the vehicle would not start and Arain took it to George's Auto Repair where it was discovered that the camshaft had been sheared off.

Scott testified that, in his opinion, the repair work done by R & S Motors should have been performed prior to the sale of the vehicle to Arain and that, without this work, the engine would not have run well. He stated that, in his conversations with petitioner, petitioner indicated that only a New York inspection had been performed on the vehicle prior to its sale. Petitioner's father testified otherwise and stated that the vehicle ran well during his inspection of it. Petitioner, however, admitted that the sales invoice provided to Arain did not contain the dealership address.

Although the record contains conflicting testimony regarding the extensiveness of the inspection performed upon the vehicle prior to its delivery to Arain, this merely presented a question of credibility for the Administrative Law Judge to resolve (*see, Matter of Stegman v Jackson*, 233 AD2d 597; *Matter of Sei Young Choi v Jackson*, 232 AD2d 343). The testimony of Scott and Arain, coupled with the defects in the vehicle which were apparent from the date Arain took delivery, provide substantial evidence supporting the determination finding petitioner guilty of violating Vehicle and Traffic Law § 417 (*see, Matter of Smith Pontiac-GMC v Commissioner of Dept. of Motor Vehicles*, 170 AD2d 933, 934; *Matter of Romeo v Adduci*, 151 AD2d 947, 948). Petitioner's own testimony provides substantial evidence of his violation of 15 NYCRR 78.13 (a) (1). Finally, under the circumstances presented, we do not find the penalty excessive (*see, Matter of Romeo v Adduci, supra*, at 948; *Matter of Sheehan v Passidomo*, 122 AD2d 869, 870).

White, Casey, Yesawich Jr. and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.