■ In the Matter of CARL S. NAZARIAN, Doing Business as EMPIRE STATE CARS, Petitioner, v RICHARD E. JACKSON, JR., as Commissioner of the New York State Department of Motor Vehicles, Respondent. [664 NYS2d 857] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, *inter alia*, revoked petitioner's motor vehicle dealer license.

On December 19, 1994, petitioner sold a 1983 Honda Accord automobile to Lori Pillsbury for $2,198.85. After experiencing numerous problems with the vehicle, including seatbelts which did not retract and a defrost system which did not work, as well as discovering that the vehicle had a severely rotted frame, Pillsbury requested that petitioner take the car back and return her money. When he refused, Pillsbury filed a complaint with the Department of Motor Vehicles (hereinafter DMV).

As the result of a DMV investigation, petitioner was charged, *inter alia*, with falsely certifying the vehicle's condition in violation of Vehicle and Traffic Law § 417, failing to properly inspect the vehicle in violation of 15 NYCRR 78.13 (c) and failing to provide required information on the bill of sale in violation of 15 NYCRR 78.13 (a) (1) and (3). Following an administrative hearing, petitioner was found guilty of these charges. He was fined $2,000 and his motor vehicle dealer license was revoked. After this determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding.

Based upon our review of the record, we find that the administrative determination is supported by substantial evidence. Ample evidence was adduced at the hearing establishing that, at the time of sale, the vehicle's seatbelts did not retract properly, the air conditioning compressor was missing and the rear frame was severely rotted. Pillsbury testified that neither the seatbelts nor the defrost system worked properly at the time she took delivery of the vehicle and that she subsequently discovered that the vehicle had a rotted frame. Tom Alesius, an automotive facilities inspector with DMV, stated that his examination of the vehicle in June 1995 disclosed these problems. As to the rotted frame, he stated that sections of the rear frame were missing on each side of the vehicle and, while he estimated that the vehicle had been driven approximately 2,000 miles since the date of purchase, he opined that the condition of the rotted frame was in existence at the time of the sale based upon its severity.

In addition, Alesius testified that a service invoice was found in the glove box of the vehicle for work performed prior to the date of sale which indicated that parts of the rear frame were beginning to near "structural failure". This invoice was admitted in evidence at the hearing. Alesius also stated that he spoke with an automobile repair technician who examined the undercarriage of the vehicle after Pillsbury took delivery who also observed the rotted condition of the frame. Alesius indicated that given the extensive problems with the vehicle, it was his opinion that petitioner did not conduct a proper dealership inspection prior to the sale. He further stated that his review of the bill of sale revealed that certain required information was omitted. In our view, the foregoing constitutes substantial evidence supporting the administrative determination of guilt as to all of the charges (*see, Matter of Nazarian v Jackson*, 243 AD2d 916). Furthermore, we do not find under these circumstances that the penalty is harsh or excessive given the safety risk posed by the vehicle at issue (*see, id.*; *Matter of Romeo v Adduci*, 151 AD2d 947, 948).

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.