■ VIOLETTA GONZALES, an Infant, by Her Natural Parent, CARMEN ORTEZ, et al., Respondents, v. RICHARD HALL, Appellant.— In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Kings County, dated December 7, 1971, which granted plaintiffs' motion for summary judgment and directed an assessment of damages. Order reversed, without costs, and motion denied. The circumstances of the occurrence allow other inferences than that defendant was negligent (Matter of Radigan v. O'Connell, 304 N Y 396, 399). The defense asserted in defendant's affidavit to the effect that his brother grabbed his left hand and caused him to lose control of his automobile presented a triable issue of fact. Munder, Acting P. J., Martuscello, Latham, Shapiro and Gulotta, JJ., concur.

■ In the Matter of JOANNA ALOGDELIS, Petitioner, v. BROOKLYN COLLEGE OF THE CITY UNIVERSITY OF NEW YORK et al., Respondents.— Proceeding dismissed on the merits and determination of respondent Brooklyn College, dated April 25, 1971, confirmed, without costs. In our opinion the determination under review is, upon the entire record, supported by substantial evidence. Hopkins, Acting P. J., Munder, Martuscello, Latham and Shapiro, JJ., concur.

■ In the Matter of BABYLON CHRYSLER-PLYMOUTH, INC., Petitioner, v. VINCENT L. TOFANY, as Commissioner of the Department of Motor Vehicles, Respondent.— Proceeding pursuant to article 78 of the CPLR to review respondent's determination, dated July 12, 1971 and made after a hearing, which suspended petitioner's motor vehicle inspection station license for 60 days. Petition granted to the extent that the determination is modified, on the law, by reducing the period of suspension to the time during which the suspension was in actual effect, i.e., the number of days before the suspension became stayed by orders of the court, made in this proceeding. As so modified, determination confirmed, without costs. The findings of respondent are supported by the record, but under the circumstances of this case the penalty was excessive and its imposition was an abuse of discretion. The inspection in question was not performed in a negligent manner and there have been no prior findings of violations in petitioner's seven years of business. Rabin, P. J., Hopkins, Martuscello, Christ and Brennan, JJ., concur.