■ In the Matter of E. J. A. BEVERAGES, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of respondent, New York State Liquor Authority, which found petitioner guilty of violating subdivision 2 of section 100 of the Alcoholic Beverage Control Law and the rules of the State Liquor Authority (9 NYCRR 53.1 [i]), canceled petitioner's license, and imposed a $10,000 bond claim. ¶ Petition granted, on the law, without costs or disbursements, to the extent of vacating the penalty imposed; determination otherwise confirmed, and proceeding otherwise dismissed on the merits, and matter remitted to respondent for imposition of a new penalty, in accordance herewith. ¶ The record reveals and petitioner concedes that it made isolated sales of cases of beer to two unlicensed social clubs, a clear violation of the applicable law and regulations. However, those sales appear to have been made inadvertently without any conscious intention to violate the Alcoholic Beverage Control Law or regulations of respondent. The sales involved approximately $600, a sum representing a nominal amount of petitioner's gross sales of $4,000,000 a year, the great majority of which constituted retail sales to the general public. It further appears that the principal stockholder of petitioner has been in the wholesale beer business for 35 years, and prior to the instant proceeding, has never had any problems with respondent. He stated on the record that he has assumed tighter control of the operation so that these violations will not be repeated. ¶ While we confirm respondent's finding that petitioner violated subdivision 2 of section 100 of the Alcoholic Beverage Control Law and the rules of the State Liquor Authority (9 NYCRR 53.1 [i]), the penalty imposed is so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of justice. We find that the imposition of a penalty which does not include revocation of petitioner's license would be more appropriate. Accordingly, we remit to respondent for reconsideration of the penalty to be imposed (see *Rob Tess Rest. Corp. v New York State Liq. Auth.,* 49 NY2d 874; *Matter of Shore Haven Lounge v New York State Liq. Auth.,* 37 NY2d 187). Thompson, J. P., Bracken, Boyers and Lawrence, JJ., concur.

■ In the Matter of the INVESTIGATION BY SUFFOLK COUNTY SEPTEMBER/OCTOBER GRAND JURY III, TERM X, GRAND JURY REPORT "B," INTO MATTERS WHICH OCCURRED DURING 1981/1982. — Appeal from an order of the County Court, Suffolk County (Seidell, J.), dated March 11, 1983, which, *inter alia,* directed that the report of the September/October Grand Jury, Panel III, Tenth Term, 1982, be filed as a public record. ¶ Order affirmed, without costs or disbursements. ¶ The Grand Jury was properly charged as to the applicable law and its findings are supported by a preponderance of the credible and legally admissible evidence. Brown, J. P., Rubin, Boyers and Lawrence, JJ., concur.