In the Matter of KIM SAS KAK CORP., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the

respondent New York State Liquor Authority, dated October 9, 1987, which found the petitioner guilty of violating 9 NYCRR 53.1 (b), suspended the petitioner's license for 10 days, and imposed a $1,000 bond forfeiture.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent of vacating the penalty imposed; the determination is otherwise confirmed, the proceeding is otherwise dismissed on the merits, and the matter is remitted to the respondent for imposition of a new penalty, in accordance herewith.

In its alteration application the petitioner stated, in pertinent part, that the planned alterations would not include any door within 200 feet of the entrance to any place of worship, and that the bar would be approximately 12 feet long. However, the actual alterations placed a door within 200 feet of the entrance to a church and the bar, when completed, measured over 25 feet long. This was a violation of the applicable rules and regulations.

Consequently, we confirm the respondent's finding that the petitioner violated State Liquor Authority rule 36.1 (b) (9 NYCRR 53.1 [b]). However, under the circumstances of this case, the penalty imposed is so disproportionate to the offense as to be shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222). We find that the error in the alterations appears to have been made without any conscious intention to violate these rules. We also note that the petitioner cooperated with the respondent's investigator at all times and permanently sealed, with a wall, the door in question. Consequently, the imposition of a penalty which does not include suspension of the petitioner's license would be more appropriate. Accordingly, we remit the matter to the respondent for reconsideration of the penalty to be imposed (see, Matter of E.J.A. Beverages v New York State Liq. Auth., 103 AD2d 846). Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.