■ In the Matter of HUNTINGTON CHRYSLER-PLYMOUTH INC., Petitioner, v COMMISSIONER OF MOTOR VEHICLES OF THE STATE OF NEW YORK, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of

the Department of Motor Vehicles, dated September 19, 1988, which, after a hearing, suspended the petitioner's license to perform inspections for 90 days upon a finding that it had violated Vehicle and Traffic Law § 303 and 15 NYCRR 79.12 (e) and (f) by failing to keep proper records with respect to certificates of inspection and computerized vehicle inspection system emissions certificates.

Ordered that the petition is granted, on the law, without costs or disbursements, to the extent of vacating the penalty of suspension imposed, the determination is otherwise confirmed, the proceeding is otherwise dismissed on the merits, and the matter is remitted to the respondent for imposition of a new penalty which shall not exceed a license suspension for a period of 30 days.

While we confirm the respondent's finding that the petitioner violated Vehicle and Traffic Law § 303 and the rules of the Department of Motor Vehicles (see, 15 NYCRR 79.12 [e], [f]), the penalty imposed is so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness.

The record reveals and the petitioner concedes that it failed to properly account for a substantial number of motor vehicle inspection certificates and computerized vehicle inspection system emissions certificates. However, it appears that the errors in record keeping were a result of poor management and supervision rather than fraud or deceptive practices and were not made with any conscious intention to violate the Vehicle and Traffic Law or the rules and regulations of the New York State Department of Motor Vehicles (see, Matter of Kim Sas Kak Corp. v New York State Liq. Auth., 147 AD2d 643).

We note that the petitioner cooperated with the respondent's investigators at all times and instituted new and more controlled record-keeping procedures to eliminate the problems (see, Matter of E.J.A. Beverages v New York State Liq. Auth., 103 AD2d 846). Moreover, the petitioner's license has never heretofore been revoked or suspended for any reason.

Under the circumstances, we find that the imposition of a license suspension of no more than 30 days would be appropriate (see, Matter of Pell v Board of Educ., 34 NY2d 222). Brown, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.