■ In the Matter of RALPH OLDSMOBILE, INC., Petitioner, v PATRICIA B. ADDUCI, as Commissioner of Motor Vehicles of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Patricia B. Adduci, Commissioner of Motor Vehicles of the State of New York, dated January 23, 1989, which, after a hearing, found the petitioner to be in violation of Vehicle and Traffic Law § 303 (b) and 15 NYCRR 79.12 (e), (f) and 79.24 (c) by failing to keep proper records with respect to certificates of inspections and computerized vehicle inspection system emissions certificates and by failing to properly perform emission control tests, and imposing a civil penalty of $300 and a suspension of the petitioner's license to perform inspections for 90 days.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent of vacating so much of the penalty as imposed a 90-day suspension of the petitioner's license to perform inspections, the determination is otherwise confirmed, the proceeding is otherwise dismissed on the merits, and the matter is remitted to the respondent Adduci for imposition of a new penalty which shall not exceed a civil

penalty of $300 and a suspension of the petitioner's license for a period of 30 days.

The record reveals that the petitioner failed to properly account for a substantial number of motor vehicle inspection certificates and computerized vehicle inspection system emissions certificates, and that it failed to properly conduct emission control tests during a significant number of inspections. We do not agree with the petitioner's argument that its own record keeping system, which tended to negate the conclusion that the inadequate record keeping was willful or fraudulent in nature, should be considered sufficient to comply with the Vehicle and Traffic Law and regulations promulgated thereunder. The records kept by the petitioner were wholly inadequate in that they contained little information normally found when the record keeping procedures established by the respondents are complied with.

While we confirm the findings that the petitioner violated Vehicle and Traffic Law § 303 and the rules of the Department of Motor Vehicles (see, 15 NYCRR 79.12 [e], [f]; 79.24 [c]), the suspension portion of the penalty imposed is so disproportionate to the offenses, in light of all the circumstances, as to be shocking to one's sense of fairness. As found by the Administrative Law Judge, the errors in record keeping and the emission control tests were the result of poor management and supervision rather than the product of fraud or deceptive practices (see, Matter of Huntington Chrysler-Plymouth v Commissioner of Motor Vehicles of State of N. Y., 156 AD2d 560). Moreover, the petitioner has instituted more controlled procedures designed to correct the problems.

Accordingly, in light of the types of violations involved herein, we find that the imposition of a civil penalty of $300 and a license suspension of no more than 30 days would be appropriate (see, Matter of Pell v Board of Educ., 34 NY2d 222; Matter of Huntington Chrysler-Plymouth v Commissioner of Motor Vehicles of State of N. Y., supra). Thompson, J. P., Lawrence, Harwood and O'Brien, JJ., concur.