■ In the Matter of S & S AUTOMOTIVE CENTER, INC., Appellant, v PATRICIA B. ADDUCI, as New York State Commissioner of Motor Vehicles, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Commissioner of Motor Vehicles dated October 4, 1990, which, after a hearing, suspended the petitioner's license as an authorized New York State Motor Vehicles inspection station for a period of 30 days, the petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Burke, J.), entered January 25, 1991, as confirmed the penalty imposed.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the petition which sought vacatur of the penalty is granted, and the matter is remitted to the New York State Commissioner of Motor Vehicles for imposition of a new penalty, which shall not exceed a license suspension for a period of 10 days.

The petitioner concedes that it violated a regulation of the New York State Department of Motor Vehicles in that it failed to provide an undercover DMV inspector with a written appointment for a specific time when his automobile could be inspected (15 NYCRR 79.8 [c]). However, we find that the 30-day suspension of the petitioner's inspection license is shocking to one's sense of fairness *(see, Matter of Purdy v Kreisberg,* 47 NY2d 354; *Matter of Pell v Board of Educ.,* 34 NY2d 222). The petitioner's refusal to provide the inspector with an appointment was not committed out of an intent to engage in fraudulent or deceptive practices *(see, Matter of Ralph Oldsmobile v Adduci,* 170 AD2d 454; *Matter of Huntington Chrysler-Plymouth v Commissioner of Motor Vehicles of State of*

*N. Y.,* 156 AD2d 560). Rather, the petitioner merely declined to honor the inspector's request for an appointment for a time the inspector could wait for his vehicle. Moreover, the petitioner has reportedly instituted remedial measures to avoid duplication of this violation. In light of the foregoing, we find that the 30-day suspension of the petitioner's inspection license is excessive to the extent indicated *(see, Matter of Ralph Oldsmobile v Adduci, supra; Matter of Huntington Chrysler-Plymouth v Commissioner of Motor Vehicles of State of N. Y., supra; Matter of Cardinal Pontiac v Melton,* 58 AD2d 833; *Matter of Babylon Chrysler-Plymouth v Tofany,* 39 AD2d 728; *Matter of Kaye's Auto Exch. v Hults,* 28 AD2d 779). Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.