■ In the Matter of S & S Auto Repair Center, Inc., Appellant, v Patricia B. Adduci, as New York State Commissioner of Motor Vehicles, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Commissioner of Motor Vehicles, dated July 20, 1990, which, after a hearing, imposed a civil penalty of $135, and suspended the petitioner's license as an authorized New York State Motor Vehicles Inspection Station for a period of 45 days, the petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Burke, J.), dated January 24, 1991, as amended March 5, 1991, as confirmed the penalty imposed.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the petition which sought vacatur of the penalty is granted, and the matter is remitted to the New York State Commissioner of Motor Vehicles for the imposition of a new penalty, which shall in no event exceed a five-day suspension of the petitioner's license and a $135 civil penalty.

The petitioner was charged with violating several of the regulations of the New York State Department of Motor Vehicles, while conducting an automobile inspection. After a hearing, the petitioner was found to have violated 15 NYCRR 79.20 (c) (3) (failing to remove a certificate of inspection prior to the inspection—it removed it after the inspection), 15 NYCRR 79.20 (c) (7) (although the petitioner properly affixed an expired rejection notice on the car's windshield, it did not write the word "void" on it), and 15 NYCRR 79.21 (h) (2) (the petitioner failed to note or mention that the vehicle was missing a catalytic converter).

The only issue on appeal is whether the penalty imposed by the commissioner (a $135 civil penalty and a 45-day suspension of the petitioner's inspection station license) is so disproportionate to the offense, in light of all the circumstances, as

to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). We find that it is.

The petitioner's violations were a result of poor management and supervision rather than fraud or deceptive practices, and were not made with any conscious intention to violate the rules and regulations of the New York State Department of Motor Vehicles *(see, Matter of Ralph Oldsmobile v Adduci,* 170 AD2d 454). Under the circumstances, we find that the imposition of a license suspension of no more than five days and a civil penalty of no more than $135 would be appropriate *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, *supra).* Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.