■ In the Matter of A & F GULF SERVICE, INC., et al., Appellants, v RICHARD E. JACKSON, JR., as Commissioner of Motor Vehicles of the State of New York, Respondent. [663 NYS2d 243 ] —Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent Richard E. Jackson, Jr., Commissioner of Motor Vehicles of the State of New York, dated May 30, 1996, as, after a hearing, revoked both the corporate petitioner's inspection station license and the individual petitioner's inspection card, upon a finding that the petitioners had violated Vehicle and Traffic Law § 303 (e) and § 306 (d) and 15 NYCRR 79.20 and 79.24.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent of vacating the penalty of revocation of the corporate petitioner's inspection station

license and of the individual petitioner's inspection card, the determination is otherwise confirmed, the proceeding is otherwise dismissed on the merits, and the matter is remitted to the respondent for imposition of a new penalty which shall not exceed the suspension already imposed for the period from June 15, 1994 through October 25, 1994.

The individual petitioner, Alfonso Barrios, is the operator of the corporate petitioner, A & F Gulf Service, Inc., a service station and inspection center in Commack. On May 5, 1994, between 9:00 A.M. and noon, a surveillance investigation was conducted by Automotive Facilities Inspector Gary Beck at the facility. The inspection found that none of the four motor vehicles which, according to the facility's vehicle inspection report, had been inspected during the period of surveillance, had in fact been present at the facility during that period of time. However, Barrios submitted evidence at the hearing indicating that because of illness, he had not been present on the facility's premises on the day in question. Indeed, the Administrative Law Judge who presided over the hearing appears to have credited this evidence. Accordingly, the record does not contain any evidence indicating that there was any complicity by Barrios in this matter. Further, any wrongdoing engaged in by the employees of the facility at the time in question appears, if anything, to have been the result of poor management and supervision on the part of Barrios rather than fraud or deceptive practices (*see, Matter of Ralph Oldsmobile v Adduci*, 170 AD2d 454; *Matter of Huntington Chrysler-Plymouth v Commissioner of Motor Vehicles of State of N. Y.*, 156 AD2d 560).

In light of the foregoing, we find that the suspension of the facility's station license and Barrios's inspection card from June 15, 1994 through October 25, 1994, was the appropriate penalty in this case (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222). Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.