■ In the Matter of A & F GULF SERVICE, INC., et al., Petitioners, v RICHARD E. JACKSON, JR., as Commissioner of Motor Vehicles of the State of New York, Respondent. [686 NYS2d

724] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated April 30, 1998, which, after a hearing, affirmed determinations revoking both the corporate petitioner's inspection station license and the individual petitioner's inspection card, upon a finding that the petitioners had violated certain provisions of the Vehicle and Traffic Law and the regulations of the respondent.

Adjudged that the determination is confirmed, and the proceeding is dismissed on the merits, with costs.

The instant proceeding was transferred to this Court pursuant to CPLR 7804 (g), as the petitioners initially raised a substantial evidence question in their petition. In the brief to this Court, however, the petitioners no longer contend that the respondent's determination is not supported by substantial evidence. Their only contention is that the penalty imposed upon them was excessive. Although no substantial evidence question was brought up for review, this Court will retain jurisdiction for the purpose of deciding this case on the merits (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233; Matter of Charles v Commissioner, N. Y. State Dept. of Social Servs., 240 AD2d 490).

Under all of the circumstances, including the petitioners' prior disciplinary record, the penalty of revocation of the corporate petitioner's inspection station license and the individual petitioner's inspection card was not so disproportionate to the offense as to be shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., supra; Matter of VOC Bus Corp. v Jackson, 251 AD2d 337). O'Brien, J. P., Joy, Krausman and Goldstein, JJ., concur.