■ In the Matter of MARIANNE SOMMA, Doing Business as MA's TIRES, Petitioner, v RICHARD E. JACKSON, JR., as Commissioner of Motor Vehicles, et al., Respondents. [704 NYS2d 156] —Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Broome County) to review a determination of respondent Commissioner of Motor Vehicles which, *inter alia*, revoked petitioner's inspection station license.

On May 20, 1998, James McGill, an Automotive Facilities Inspector for respondent Department of Motor Vehicles (hereinafter DMV), performed a concealed identity inspection at Ma's Tires. As a result, petitioner was charged with violating several DMV regulations and Vehicle and Traffic Law § 303 (e) (1). Following a hearing, petitioner was found to have violated three counts each of the following charges: failing to conduct inspections in conformance with law and regulation in violation of Vehicle and Traffic Law § 303 (e) (1); charging an incorrect fee for inspections in violation of 15 NYCRR 79.7 (c); entering the incorrect date in inspection records in violation of 15 NYCRR 79.12 (a); failing to conduct inspections within the enclosed inspection area of the premises in violation of 15 NYCRR 79.20 (b); and failing to check for the presence of catalytic converters during inspections in violation of 15 NYCRR 79.21 (h) (2). As a result of these violations, a civil penalty in the aggregate sum of $4,200 was imposed against petitioner and her inspection station license was revoked as was the certified inspector card of an inspector in petitioner's employ. These findings and penalties were upheld upon administrative appeal. Petitioner commenced this proceeding pursuant to CPLR article 78 challenging the findings and penalties and Supreme Court, finding a question of substantial evidence, transferred the matter to this Court for determination. We confirm.

" 'Judicial review of administrative determinations made as the result of a hearing required by law is limited to a consideration of whether that resolution is supported by substantial evidence' " (*Matter of Jennings v New York State*

*Off. of Mental Health*, 90 NY2d 227, 239, quoting *Matter of Silberfarb v Board of Coop. Educ. Servs.*, 60 NY2d 979, 981). "The duty of weighing the evidence and resolving conflicting testimony rests solely upon the administrative agency. [citation omitted]" (*Matter of Fazzone v Adduci*, 155 AD2d 540, 541) and " 'a reviewing court may not substitute its judgment for that of the [agency]' " (*Matter of Jennings v New York State Off. of Mental Health, supra*, at 239, quoting *Matter of Consolidated Edison Co. v New York State Div. of Human Rights*, 77 NY2d 411, 417). A careful examination of the record clearly demonstrates that the findings of the Administrative Law Judge (hereinafter ALJ) are supported by substantial evidence. The testimonial and documentary evidence presented by McGill was not substantively challenged to any great degree during the hearing. Petitioner offered no affirmative evidence to contest the observations made by McGill at her facility. Any discrepancies in the documentary evidence of McGill were resolved by the ALJ and we find no reason to disturb his conclusion.

Likewise, petitioner's contention that she did not receive a fair hearing due to the assistance allegedly rendered by the ALJ to the prosecution of the case is without merit. The efforts of the ALJ throughout the hearing to clarify issues, develop facts and give a person charged with violations access to information did not constitute an attempt to aid DMV in proving its case and therefore petitioner was not denied a fair hearing due to conduct of the ALJ (*see, Matter of Heydari v Jackson*, 237 AD2d 763, 764-765, *lv denied* 90 NY2d 802).

Similarly unavailing is petitioner's contention that the fines assessed against her and the revocation of her inspection station license are so disproportionate to the violations committed as to be shocking to one's sense of fairness. As evidence of the inappropriateness of the penalty assessed, petitioner points to the alleged failure of the ALJ to consider petitioner's personal absence from the station at the time of the alleged violations. Although evidence that a faulty inspection is a result of poor management and supervision, instead of willful or fraudulent conduct, can mitigate the harshness of the penalty to be imposed. (*see, Matter of A & F Gulf Serv. v Jackson*, 243 AD2d 629, 630; *Matter of S & S Auto Repair Ctr. v Adduci*, 190 AD2d 802, 803), petitioner offered no evidence in mitigation other than to elicit from McGill that he did not observe petitioner at the station at the time in question. Also, an inspection station's prior disciplinary record is appropriately considered in calculating a penalty (*see, Matter of A & F Gulf Serv. v Jackson*, 260

AD2d 474). Thus, under the circumstances of this case, the fines and revocations imposed are not so disproportionate to petitioner's offenses as to shock one's sense of fairness and there simply is no basis in the record for disturbing the penalties (*see generally*, *Matter of Pell v Board of Educ.*, 34 NY2d 222, 223).

Mercure, J. P., Crew III, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.