■ In the Matter of DONALD R. TYLER, Petitioner, v NEW YORK STATE COMMISSIONER OF MOTOR VEHICLES, Respondent. [725 NYS2d 451] —Rose, J. Proceeding pursuant to CPLR article

78 (transferred to this Court by order of the Supreme Court, entered in Otsego County) to review a determination of respondent which revoked petitioner's inspection station license and rescinded his certified inspector card.

Following a hearing resulting from a "concealed identity" inspection at petitioner's vehicle inspection station by the Department of Motor Vehicles (hereinafter DMV), petitioner was found to have, *inter alia*, committed fraud in violation of Vehicle and Traffic Law § 303 (e) (3) by falsely stating in his inspection records that one of the brakes on the inspector's vehicle had been inspected, failed to perform any inspection at all in violation of 15 NYCRR 79.17 (b) (1) and charged an incorrect fee in violation of 15 NYCRR 79.7 (c). The Administrative Law Judge (hereinafter ALJ) imposed a civil penalty in the aggregate amount of $1,700, revoked petitioner's inspection station license and rescinded his certified inspector card. When respondent upheld these findings and penalties on administrative appeal, petitioner commenced this proceeding pursuant to CPLR article 78, and it has been transferred to this Court for determination of a question of substantial evidence.

On our review of the record, we conclude that the evidence established that when the DMV inspector presented a diesel pickup truck for inspection, petitioner placed a new inspection sticker and charged a fee without having inspected the vehicle. In his testimony, petitioner admitted that he did not check the vehicle or even look at it. Nevertheless, petitioner's inspection records stated that he had specifically inspected the vehicle's right brake. The invoice for the inspection also stated that a fee of $14, rather than the $10 fee mandated for diesel vehicles, was charged. The testimony and the documentary evidence substantiate every violation found by the ALJ (*see, People ex rel. Vega v Smith*, 66 NY2d 130, 139; *Matter of Silberfarb v Board of Coop. Educ. Servs.*, 60 NY2d 979, 981; *300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 180).

Although petitioner also argues that he was denied a fair hearing because his due process rights were violated, the record demonstrates that he was given notice of the alleged violations, advised to be prepared to present evidence and witnesses, and afforded an opportunity to be heard on the matter with the assistance of an attorney, if he so chose (*see,* State Administrative Procedure Act §§ 301, 306, 501; *Matter of Mujtaba v New York State Educ. Dept.*, 148 AD2d 819). We conclude that the notice and opportunity given here satisfy the requirements of due process, and the ALJ treated petitioner fairly at the hearing by informing him of his right not to testify, his right to

cross-examine witnesses and his right to make statements on his own behalf.

Finally, petitioner contends that the penalty imposed for his proven violations were " 'so disproportionate to the offense as to be shocking to one's sense of fairness,' thus constituting an abuse of discretion as a matter of law" (*Matter of Kelly v Safir*, 96 NY2d 32, 38, quoting *Matter of Pell v Board of Educ.*, 34 NY2d 222, 237; *see, Matter of Featherstone v Franco*, 95 NY2d 550, 554-555; *Matter of S & S Auto Repair Ctr. v Adduci*, 190 AD2d 802, 802-803). We disagree. Petitioner's explanation that the violations resulted from his busyness and old age is unpersuasive because the conduct constituting the violations was not a matter of poor management of others or inattention to recordkeeping (*cf., Matter of S & S Auto Repair Ctr. v Adduci, supra*, at 802). Rather, petitioner's affirmative entry of false information in his records and personal issuance of an inspection sticker without having conducted an inspection were determined by the ALJ to demonstrate misrepresentation and deceit (*see, Matter of Somma v Jackson*, 268 AD2d 763, 764). In these circumstances, we find no grounds to disturb the penalties imposed.

Cardona, P. J., Crew III, Spain and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.