■ In the Matter of STEPHEN FISHER et al., Petitioners, v COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. [734 NYS2d 656] —Spain, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which, *inter alia*, sustained an assessment of personal income tax imposed under Tax Law article 22.

This CPLR article 78 proceeding follows years of administrative litigation between petitioners and the Department of Tax-

ation and Finance (hereinafter Department) over petitioners' income tax liabilities. By amended petition filed November 15, 1996, petitioners argue that the Department owes them refunds for several tax years between 1979 and 1988 which have not been appropriately applied to reduce assessed tax liabilities for 1975, 1976 and 1984, that they are entitled to a refund for 1977, and that the Department is not entitled to assess interest and penalties on petitioners' outstanding tax liabilities. Following a hearing, the Appeals Division, in a detailed decision, sustained the Department's assessment of taxes, penalties and interest and denied the petition. Respondent Tax Appeals Tribunal affirmed. Proceeding *pro se*, petitioner Stephen Fisher (hereinafter petitioner) now challenges that determination and seeks a new hearing.

Petitioner focuses on two points. First, he contends that any penalties and interest assessed for petitioners' late filing and payment of income taxes should be abated pursuant to Tax Law § 3008, which provides for such abatement when a taxpayer's deficiency or late payment is due to "unreasonable error or delay" by an agent of the Department in the performance of ministerial and managerial acts (Tax Law § 3008 [a]). Petitioner's reliance on that statute is misplaced inasmuch as the statute's application is expressly limited to interest accruing with respect to deficiencies, taxes or payments for taxable years commencing after August 7, 1992—the statute's effective date (*see*, L 1992, ch 770, § 2)—and all of the tax years in question here precede that date.*

Next, petitioner contends that petitioners are entitled to a new hearing because the Department's reliance on "helplessly confusing data" and its submission of new data and analyses during the hearing without giving him sufficient time to review the data with his attorney and his expert witness deprived petitioners of due process. While we do not doubt petitioner's characterization of the Department's documentation as confusing and recognize that even the presiding Administrative Law Judge was struggling to understand the calculations provided, we conclude that petitioners' due process rights were not violated inasmuch as, in our view, they were afforded a full

---

* To the extent that petitioner also relies on Tax Law § 3008 (b), which authorizes the abatement of penalties and interest attributable to "erroneous advice furnished to the taxpayer in writing by an officer or employee of the [Department]," we also find that none of petitioner's claims are premised on written advice requested after the effective date of that provision (*see*, L 1992, ch 770, § 23 [rendering Tax Law § 3008 (b) applicable to advice requested after December 1, 1992]).

and fair opportunity to prepare a defense and present evidence (*see, Matter of Scott v Wetzler*, 195 AD2d 905, 908).

Respondent Commissioner of Taxation and Finance acknowledges that there was confusion among Department staff and petitioner about the computation of interest on petitioners' tax deficiencies and the application of overpayments to their liabilities. During the first day of the hearing, the ALJ directed the Department to put together a "summary" of petitioners' liabilities and overpayments in an attempt to clear up some of the confusion, and that document—the Eckler report—was introduced on the second (and final) day of the hearing. Petitioner disputes the Department's characterization of the Eckler report as a mere summary of previously submitted evidence, arguing that because the Eckler report contained different calculations and a different balance, it necessarily was new information and should not have been introduced into evidence at the eleventh hour. Furthermore, petitioner argues that it was unfair to permit the Department an overnight period to compile the report, but then permit petitioner only one hour to review it and to consult with his attorney by telephone prior to his opportunity to cross-examine the report's creator.

The Commissioner counters that the Eckler report was based upon data available to petitioner prior to the hearing and, although the calculations differed in the report, the changes resulted from a recomputation of interest which actually enured to petitioners' benefit. Significantly, petitioner fails to directly contest this allegation or demonstrate how petitioners were prejudiced by the introduction of the Eckler report. Moreover, although petitioner's frustration at the hearing with the time allocated for reviewing the report is understandable, we note that he was given the opportunity to submit posthearing memoranda after consulting with his attorney and his expert witness. Under these circumstances, we discern no violation of due process and confirm the Tribunal's determination (*see, Matter of Mera v Tax Appeals Tribunal*, 204 AD2d 818, 820; *see also, Matter of Tyler v New York State Commr. of Motor Vehicles*, 284 AD2d 645, 646-647).

Mercure, J. P., Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs.