■ In the Matter of FRED ABRAMSON, Doing Business as FLA AUTO REPAIR, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent. [753 NYS2d 787] —CPLR article 78 proceeding transferred to this Court by an order of Supreme Court, Genesee County (Noonan, J.), entered July 22, 2002, seeking to annul a determination after a hearing.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination affirming the decision of an administrative law judge (ALJ) after a hearing held pursuant to Vehicle and Traffic Law § 415. The testimony and documentary evidence presented at the hearing constitute substantial evidence to support the determination that petitioner violated several provisions of the Vehicle and Traffic Law and two regulations (*see Matter of Tyler v New York State Commr. of Motor Vehs.*, 284 AD2d 645, 646; *Matter of Somma v Jackson*, 268 AD2d 763, 764; *Matter of Nazarian v Jackson*,

243 AD2d 916, 917). Although petitioner contends that a certain witness was not credible, we note that the ALJ was in the best position to assess credibility, and his "role in assessing such credibility will not be disturbed by this Court" (*Matter of Carota Enter. v Jackson,* 241 AD2d 667, 668; *see also Somma,* 268 AD2d at 764). We reject the further contention of petitioner that he received ineffective assistance of counsel. "Aside from certain narrow exceptions * * *, the right to counsel * * * does not extend to civil actions or administrative proceedings * * *. Due process considerations in such cases require only that a party to an administrative hearing be afforded the opportunity to be represented by counsel" (*Matter of Baywood Elec. Corp. v New York State Dept. of Labor,* 232 AD2d 553, 554; *see Patricia W. Walston, P.C. v Axelrod,* 103 AD2d 769, 770-771, *lv denied* 64 NY2d 611; *see also Matter of Goldberg v DeBuono,* 274 AD2d 846, 847, *lv denied* 95 NY2d 763). Petitioner retained counsel to represent him in this matter but counsel advised the ALJ prior to the scheduled hearing that petitioner would proceed pro se, and petitioner proceeded pro se without objection. The penalty of a total fine of $2,500 and the suspension of petitioner's dealer registration for 300 days is not shocking to one's sense of fairness (*see Tyler,* 284 AD2d at 647; *Somma,* 268 AD2d at 764-765; *see generally Matter of Kelly v Safir,* 96 NY2d 32, 38, *rearg denied* 96 NY2d 854). We have considered petitioner's remaining contentions and conclude that they are without merit. Present—Green, J.P., Hurlbutt, Burns, Gorski and Hayes, JJ.