■ JASON S. PLANCK, Appellant, v NEW YORK STATE OFFICE OF TEMPORARY AND DISABILITY ASSISTANCE et al., Respondents. [816 NYS2d 241]—

Mercure, J.P. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered November 2, 2005 in Schenectady County which, inter alia, partially granted a motion by defendant New York State Office of Temporary and Disability Assistance to dismiss the complaint.

Plaintiff is a disabled individual who has received public assistance benefits from defendant Schenectady County Department of Social Services (hereinafter DSS) since April 2000. In December 2004, DSS notified plaintiff that due to an increase in his Social Security disability benefits, he would have to incur $5 per month in medical expenses to be eligible for Medicaid and that his monthly food stamp benefit would be reduced from $24 to $16. Plaintiff requested a fair hearing to challenge the deter-

---

mination. He also notified defendant New York State Office of Temporary and Disability Assistance (hereinafter OTDA) that the building in which his fair hearing was scheduled was not wheelchair accessible, and requested that the hearing be held at another location. Ultimately, the fair hearing was held at a wheelchair-accessible location on March 11, 2005.

Thereafter, OTDA issued a determination upholding DSS's reduction of plaintiff's benefits. In addition, OTDA rejected plaintiff's complaint that he was harmed by the delay in the scheduling of the fair hearing, concluding that DSS had met its obligations by holding the hearing at a site fully accessible to plaintiff and noting that his benefits remained unchanged during the pendency of the hearing. Plaintiff then commenced this action against OTDA and DSS, seeking damages and asserting nine causes of action. Causes of action one through seven alleged that defendants violated various state regulations and federal laws, including title II of the Americans with Disability Act of 1990 (42 USC § 12131 *et seq.*), by failing to have a disability rights coordinator and to make their facilities accessible to individuals with disabilities; the eighth and ninth causes of action challenged OTDA's determination regarding his Medicaid and food stamp benefits. As relevant here, Supreme Court dismissed the first seven causes of action of the complaint on the ground that plaintiff lacks standing and converted the remainder of the complaint into a CPLR article 78 proceeding. Plaintiff appeals.*

We affirm. "Standing is, of course, a threshold requirement for a plaintiff seeking to challenge governmental action" (*New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]). To have standing to assert his claims for damages and injunctive relief under either state or federal law, plaintiff must demonstrate an injury-in-fact, meaning that he was or will be actually harmed by the administrative action (*see id.* at 211; *see also Tice v Centre Area Transp. Auth.*, 247 F3d 506, 519-520 [3d Cir 2001]; *Armstrong v Turner Indus., Inc.*, 141 F3d 554, 560-563 [5th Cir 1998]; *see generally Los Angeles v Lyons*, 461 US 95, 102 [1983]). Plaintiff does not dispute that his benefits remained the same pending the fair hearing, however, and he fails to otherwise explain how he was harmed by the delay in

---

* After converting the eighth and ninth causes of action into a CPLR article 78 proceeding, Supreme Court transferred the matter to this Court. We remitted to Supreme Court, noting that an answer should be filed in Supreme Court prior to transfer (*see* CPLR 7804 [e], [f]). Following remittal, OTDA filed and served its answer and Supreme Court, finding that the petition raised a substantial evidence question, transferred the proceeding to this Court. The transferred proceeding is now separately pending before this Court.

holding the hearing or the lack of a disability rights coordinator, or how he is likely to be harmed in the future by defendants' alleged failure to comply with the federal laws and state regulations asserted in the complaint. Accordingly, Supreme Court properly dismissed causes of action one through seven on the ground that plaintiff lacks standing. Moreover, inasmuch as plaintiff's eighth and ninth causes of action challenge a final determination of an administrative agency made after a fair hearing, Supreme Court correctly converted those claims into a CPLR article 78 proceeding (*see* CPLR 103 [c]; *Walsh v New York State Thruway Auth.*, 24 AD3d 755, 756 [2005]; *45435 Realty Co. v City of New York*, 200 AD2d 501, 501 [1994]).

Plaintiff's remaining arguments are either rendered academic by our decision or are otherwise lacking in merit.

Peters, Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.