■ In the Matter of JASON S. PLANCK, Petitioner, v NEW YORK STATE OFFICE OF TEMPORARY AND DISABILITY ASSISTANCE et al., Respondents. [839 NYS2d 295]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Schenectady County) to review a determination of respondent New York State Office of Temporary and Disability Assistance which, inter alia, upheld the reduction of petitioner's public assistance benefits.

Petitioner, a disabled individual who has received public assis-

---

tance benefits from respondent Schenectady County Department of Social Services (hereinafter DSS) since April 2000, commenced this proceeding after respondent New York State Office of Temporary and Disability Assistance (hereinafter OTDA) upheld DSS's reduction of petitioner's benefits.* Respondents answered and, upon finding that petitioner raised an issue regarding substantial evidence, Supreme Court transferred the proceeding to this Court.

Initially, petitioner is not entitled to assigned counsel herein (*see Matter of Brown v Lavine*, 37 NY2d 317, 319-321 [1975]; *Matter of Abramson v New York State Dept. of Motor Vehs.*, 302 AD2d 885, 886 [2003]; *Matter of Baywood Elec. Corp. v New York State Dept. of Labor*, 232 AD2d 553, 554 [1996]). Turning to the merits, it is well settled that in reviewing an eligibility determination made after a fair hearing, "[o]ur task is to review the record, as a whole, to determine if the agency's decisions are supported by substantial evidence and are not affected by an error of law" (*Matter of Campbell v Commissioner of N.Y. State Dept. of Health*, 14 AD3d 766, 768 [2005]). Moreover, the petitioner bears the burden of proving eligibility (*see id.*; *see also Matter of Rogers v Novello*, 26 AD3d 580, 581 [2006]).

Here, petitioner first challenges OTDA's determination that, due to an increase in his income, petitioner's monthly food stamp benefit would be reduced. Specifically, petitioner asserts that he should have received allowances for electricity costs incurred in cooling his house with fans and for that portion of his rent that is subsidized by the Schenectady Municipal Housing Authority. Contrary to petitioner's argument, however, federal regulations limit the deduction for cooling costs to those attributable to air conditioners (*see* 7 CFR 273.9 [d] [6] [ii] [C]). In any event, petitioner received a standard deduction of $220 for utilities, which included electricity used for cooling, and he was eligible for an additional allowance only if his actual expenses exceeded the standard allowance (*see* 18 NYCRR 387.12 [f] [3] [ii], [v]). Inasmuch as he failed to present any evidence that his monthly utility payments exceeded $220, substantial evidence supports OTDA's determination that petitioner was not

---

* Petitioner first commenced this matter as an action against OTDA and DSS, seeking damages and asserting nine separate causes of action. Supreme Court dismissed the first seven causes of action and converted the remainder of the complaint into a CPLR article 78 proceeding. This Court affirmed and remitted the matter to Supreme Court, stating that pursuant to CPLR 7804 (g), OTDA was required to file an answer prior to transfer of the proceeding to this Court (30 AD3d 725 [2006], *lv dismissed* 7 NY3d 826 [2006], *cert denied* 549 US —, 127 S Ct 1040 [2007]). A more thorough recitation of the facts may be found in our prior decision (*id.*).

entitled to a larger utility allowance. Similarly, because the Housing Authority's payments to petitioner's landlord are not a shelter cost incurred by petitioner, OTDA properly excluded those payments in calculating his housing costs.

Petitioner's argument challenging OTDA's determination regarding his Medicaid benefits is moot in light of his concession that the benefits were restored (*see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713-714 [1980]), and his remaining arguments are not properly before us.

Spain, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.