In the Matter of PRINCE MOTORS, INC., Petitioner, v. COMMISSIONER OF MOTOR VEHICLES OF THE STATE OF NEW YORK, Respondent.—

We agree. Subdivision 3 of section 302 specifically enumerates two alternative methods of compliance and thus the Commissioner's investigations and findings should have covered this second alternative. Petitioner also contends that it did not violate section 415 (subd. 9, par. c) because Jenert was aware of the purpose, i.e., to avoid the city sales tax, and the city in its regulations condoned such avoidance. In our view, on the present record, the Commissioner could properly find a violation of this section. We feel the fact that no car transportation ever took place is controlling. Not only was Jenert charged for transportation that never took place but the City of New York was improperly deprived of its sales tax receipts. While we are mindful that Jenert was a party to the planned avoidance of the tax and the city's regulations are permissive of such avoidance, we cannot condone the complete disregard of the terms of such regulations or the charge to Jenert of a fictitious service that was never rendered, and we agree with the Commissioner's finding that petitioner is responsible therefor. We feel, however, that considering the violation we have found to have been established the sanction imposed by the Commissioner is inordinately disproportionate to the offenses involved as to be "shocking to one's sense of fairness" (*Matter of Stolz* v. *Board of Regents*, 4 A D 2d 361, 364; Civ. Prac. Act, § 1296, subd. 5-a). Determination modified in accordance herewith and the punishment imposed reduced from revocation of petitioner's license to suspension for a period of 15 days from notice of entry of the order herein. As so modified, determination confirmed, without costs. (*Matter of Mitthauer* v. *Patterson*, 8 N Y 2d 37, 42; Civ. Prac. Act, § 1296, subd. 5-a.) Settle order. Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ., concur.