■ In the Matter of GIBRALTAR COLLISION, INC., Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Motor Vehicles which approved a recommendation of the Repair Shop Review Board that a determination of an Administrative Law Judge, made after a hearing, that petitioner had violated 15 NYCRR 82.5 (g) in that it willfully failed to effect quality repairs, be confirmed, but modified the penalty imposed by the Administrative Law Judge and imposed a civil penalty of $350 and suspended petitioner's shop registration for a period of six days.

Determination confirmed and proceeding dismissed on the merits, with costs.

The core of respondent's direct case at the hearing was the testimony of its auto body repair inspector who had examined the car in question after petitioner had supposedly completed repair work upon it. His personal observation of poor and unworkmanlike repairs to the car chassis and trunk floor and testimony that certain repairs which petitioner had contracted to perform were not done at all was sufficient to constitute substantial evidence in support of the Commissioner's determination *(see, e.g., 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). Nor was the penalty imposed shocking to the conscience *(see, e.g., Matter of Pell v Board of Educ.,* 34 NY2d 222).

We have examined petitioner's remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Brown and Lawrence, JJ., concur.