◼ In the Matter of OLD COUNTRY TOYOTA CORP., Petitioner, v PATRICIA B. ADDUCI, as Commissioner of Motor Vehicles of

the State of New York, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of Motor Vehicles of the State of New York dated December 16, 1985, which found the petitioner had violated various provisions of the Vehicle and Traffic Law and regulations promulgated thereunder, the appeal is from a judgment of the Supreme Court, Nassau County (Levitt, J.), dated June 6, 1986, which vacated the Commissioner's determination.

Ordered that the appeal is dismissed, without costs or disbursements, and the judgment dated June 6, 1986 is vacated; and it is further,

Adjudged that so much of the determination as found the petitioner guilty of charges Nos. 2, 3, 5 and 6 is confirmed, so much of the determination as found the petitioner guilty of charge No. 1 is disaffirmed, the penalty imposed is vacated and the matter is remitted to the respondent for the imposition of an appropriate penalty; and it is further,

Ordered that the respondent is awarded one bill of costs.

Since this appeal involves questions of substantial evidence, this proceeding should have been transferred to this court pursuant to CPLR 7804 (g). However, this court will treat the matter as one initially brought here and review the administrative decision de novo *(see, People ex rel. McClatchie v Reid,* 105 AD2d 721; CPLR 7804 [g]).

We find the respondent's determination supported by substantial evidence in the record except with respect to charge No. 1 *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Pell v Board of Educ.,* 34 NY2d 222). As to that charge we find that the Hearing Officer's finding that the petitioner violated 15 NYCRR 78.10 (c) (1) by issuing a certificate of sale when the vehicle was not owned or controlled by the dealer is not supported by substantial evidence. Evidence in the record implies that the petitioner, although not owning the car, never lost control over it. As the word "control" is never defined in the appellant's regulations, it seems obvious that the Hearing Officer's finding was not supported by substantial evidence and thus this portion of the determination was properly disaffirmed.

Since the petitioner was initially fined $1,000 for five violations and this court is not upholding 1 of the 5, the matter must be remitted to the respondent for the imposition of an appropriate penalty for the four violations which have been

sustained. Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.