■ In the Matter of FRANK CHRISTY et al., Appellants, v DEPARTMENT OF MOTOR VEHICLES, DIVISION OF VEHICLE SAFETY OF THE STATE OF NEW YORK, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Department of Motor Vehicles, dated December 17, 1985, as amended April 16, 1987, which found the petitioners had violated various provisions of the Vehicle and Traffic Law and regulations promulgated thereunder, and imposed a penalty of an $850 fine and a 20-day suspension of the petitioners' repair shop license, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered June 16, 1987, which dismissed the proceeding.

Ordered that the appeal is dismissed, without costs or

disbursements, and the judgment entered June 16, 1987 is vacated; and it is further,

Adjudged that so much of the determination as found the petitioners guilty of charge No. 2, insofar as the petitioners failed to include the vehicle's mileage on the repair invoice, and found the petitioners guilty of charge No. 3, is confirmed, so much of the determination as found the petitioners guilty of charge No. 1, and charge No. 2 insofar as the petitioners failed to include a breakdown of the labor charges, is disaffirmed, the penalty imposed is vacated, and the matter is remitted to the respondent for the imposition of an appropriate new penalty, without costs or disbursements.

Since questions of substantial evidence are involved, this proceeding should have been transferred to this court pursuant to CPLR 7804 (g). However, this court will treat the matter as one initially transferred here and will review the administrative determination de novo (see, Matter of Old Country Toyota Corp. v Adduci, 136 AD2d 706; People ex rel. McClatchie v Reid, 105 AD2d 721; CPLR 7804 [g]).

The petitioners herein, County Auto Spring, Inc., and Frank Christy (its president and 50% shareholder), were cited by the respondent for the alleged violations of Vehicle and Traffic Law § 398-e and 15 NYCRR 82.5 (b), (c) and (g).

After obtaining an adjournment to prepare to defend against the allegations, the petitioners were notified that the hearing had been rescheduled for November 18, 1985. Additionally, the notice of hearing stated that a fourth charge, alleging the violation of Vehicle and Traffic Law § 398-e (1) (h), was being brought against the petitioners. On the scheduled hearing date, a hearing was held before Administrative Law Judge James Mulligan (hereinafter the ALJ), of the New York State Department of Motor Vehicles Safety Hearing Bureau. Following the hearing, the ALJ found that the evidence presented had sustained the alleged violation of 15 NYCRR 82.5 (b), (c) and (g), but was insufficient to support the charge brought pursuant to Vehicle and Traffic Law § 398-e (1) (h). Based upon the foregoing violations, the ALJ imposed a civil penalty of $1,050 and a 180-day suspension of the petitioners' motor vehicle repair shop license. The ALJ conducted the hearing in the absence of the complainant, who had left the United States, and the petitioners, who, according to the ALJ, had not communicated with the Safety Hearing Bureau regarding their nonappearance and therefore had waived their right to appear in the matter.

The petitioners appealed the findings of the ALJ to the Repair Shop Review Board, claiming that on the morning of the hearing, their attorney had telephoned the Safety Hearing Bureau and requested an adjournment due to the petitioner Frank Christy's illness. According to the petitioners, the ALJ's secretary informed their attorney that although the hearing would not be adjourned, they would be given an opportunity to present evidence with regard to the charges that had been brought against them. The petitioners further argued that the fine and suspension imposed by the ALJ were excessive and unreasonable. The Repair Shop Review Board recommended that the ALJ's finding be affirmed, but the penalty be modified to a more reasonable length, so as to conform with similar cases. The Board recommended a civil penalty of $850 and a 20-day suspension of the petitioners' repair shop license. On April 6, 1987, the Commissioner of Motor Vehicles ordered that a civil penalty of $850 and a 20-day repair shop license suspension, as recommended by the Repair Shop Review Board, be imposed upon the petitioners. Thereafter the petitioners commenced the instant proceeding seeking to set aside the determination.

We find that the determination was supported by substantial evidence in the record except with regard to charge No. 1 and charge No. 2 insofar as it was determined that the petitioners failed to include the labor charges on the repair invoice (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176; Matter of Pell v Board of Educ., 34 NY2d 222). As to those charges we find that the ALJ's findings that the petitioner violated 15 NYCRR 82.5 (b) and (c), by failing to note the complainant's oral authorization for the services to be done on his vehicle and the labor costs involved in the repair of the vehicle on the invoice, were not supported by substantial evidence.

A closer reading of the invoice indicates that the petitioners duly noted the complainant's wishes with regard to the repair of the vehicle. Furthermore, the invoice evinces a breakdown of the per hour and total labor charges in accordance with 15 NYCRR 82.5 (b). However, it is evident that the petitioners violated 15 NYCRR 82.5 (c) by failing to properly note the vehicle's mileage on the invoice. There is also substantial evidence in the record to support the finding that the petitioners had failed to provide quality repairs, thereby causing the vehicle to be unroadworthy (see, 15 NYCRR 82.5 [g]).

Since the petitioners were fined $850 and their license suspended for 20 days based upon the 3 violations, and this

court is vacating the guilty finding as to 1 violation and part of another, the matter must be remitted to the respondent for the imposition of a new penalty. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.