■ In the Matter of OLD COUNTRY TOYOTA CORP., Petitioner, v PATRICIA B. ADDUCI, as Commissioner of Motor Vehicles of the State of New York, Respondent. (And Three Other Titles.) —Four proceedings pursuant to CPLR article 78 to review four determinations of the respondent Commissioner of Motor Vehicles of the State of New York, dated May 6, 1986, May 27, 1987, May 27, 1987, and December 28, 1987, respectively, which, after hearings, found that the petitioner had (1) fraudulently represented as new vehicles which had been previously titled, (2) failed to properly document two vehicles, and (3) failed to properly maintain a dealer's book of registry, and imposed penalties.

Adjudged that the determinations are confirmed and the proceedings are dismissed on the merits, with costs.

The petitioner is a dealer in new Toyota automobiles and trucks. At the time of the events involved herein, it did not receive enough new vehicles from Toyota to meet the demands of its customers. In order to procure the vehicles it needed, the petitioner arranged to purchase new Toyota vehicles from dealers who did not have as much demand for them. The other Toyota dealers would not sell directly to the petitioner, because if they did, Toyota would not credit them with a sale and would not pay "fleet money", a rebate of approximately $150 that the dealers receive when they present proof that the vehicle has been titled. To buy the vehicles, the petitioner formed several companies which would purchase new Toyota vehicles, obtain titles for them, and deliver them to the petitioner. In addition, all the vehicles involved had mileage on the odometers, some showing almost 300 miles. The petitioner would then sell the vehicles to its customers as new vehicles.

However, when purchasers received the vehicle's title from the respondent, the titles described the vehicles as "used". Several complaints were made to the Nassau County Department of Consumer Affairs and the complaints were passed on to the respondent. In all four cases the petitioner was charged with fraud or committing a fraudulent practice or practicing dishonest or misleading advertising in representing used vehicles as new in violation of Vehicle and Traffic Law § 415 (9) (c). In two of the cases the petitioner was additionally charged with violating 15 NYCRR 78.13 (a) (1) in that it did not indicate whether the vehicle was new or used on the bill of sale or invoice. In one case the petitioner was additionally charged with violating 15 NYCRR 78.25 (a) (1) in that its book

of registry failed to contain any information about one of the sales.

The respondent maintained that once a vehicle had been titled it could no longer be considered new. After hearings in three of the cases, the petitioner was found guilty of all the charges and was fined $1,000 for each charge of fraud and $100 for each charge of incomplete documentation. In the fourth case the petitioner was found guilty of both charges and its dealer's registration was ordered suspended for 15 days.

The petitioner contends that the respondent's determinations were arbitrary and capricious, because the respondent's regulations do not clearly define the term "new vehicle". The respondent's regulations describe a new vehicle as "[a] vehicle sold or transferred by a * * * dealer, and which has not been placed in consumer use" (15 NYCRR 78.2 [a]). In an earlier action involving the same parties (see, Matter of Old Country Toyota Corp. v Adduci, 136 AD2d 706), we found that the respondent's determination was not arbitrary or capricious. The regulations are clear, because they classify a vehicle by whether it has been placed in consumer use, not by whether it was so used. Since this issue has already been resolved in a prior proceeding between these same parties, the petitioner is barred from advancing this argument again (see, Matter of Reilly v Reid, 45 NY2d 24, 27).

Because the petitioner concedes that the vehicles it sold were previously titled, the respondent properly imposed a penalty for the misrepresentation in all four cases. There was also substantial evidence to support the respondent's determinations in two of the cases that the petitioner had failed to properly indicate whether the vehicles were new or used on the vehicles' invoices or bills of sale, and in one case that the petitioner had failed to record a sale in its book of registry (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 179-182). Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.