■ In the Matter of OLD COUNTRY TOYOTA CORP., Petitioner, v PATRICIA B. ADDUCI, as Commissioner of Motor Vehicles of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of Motor Vehicles of the State of New York, dated May 6, 1986, which, after a hearing, found that the petitioner had (1) failed to properly classify an automobile as a demonstrator on an MV-50 form, (2) failed to properly

maintain a book of registry in that the automobile's mileage at the date of the petitioner's sale to the purchaser was not entered, (3) fraudulently represented as new an automobile which had been used as a demonstrator, and (4) failed to provide mileage information on a bill of sale or invoice as required when the vehicle sold is a demonstrator, and which imposed a penalty.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

On October 10, 1983, the petitioner, a Toyota dealer, sold a 1983 Toyota that it represented as being new. Shortly after the sale the purchaser noticed that the odometer registered more than 1,600 miles. The purchaser complained to the Department of Motor Vehicles. An investigation was begun, during which the petitioner's vice-president told the investigator that the vehicle had been delivered on a transporter, at which time its odometer registered 152 miles.

The petitioner offered no evidence to explain how the vehicle could have accumulated so much mileage. The mileage data provided substantial evidence that the automobile had been used as a demonstrator (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 179-182) and supported the respondent's determination that the petitioner failed to comply with those regulations governing the sale of demonstrator vehicles (see, Vehicle and Traffic Law § 415 [9] [c]; 15 NYCRR 78.10 [c] [1]; 78.13 [a]). The respondent's determination that the petitioner had failed to properly maintain its book of registry was supported by substantial evidence in the form of the testimony of the automotive facilities inspector (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, supra, at 179-182). Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.