■ In the Matter of Hassib Tleiji, Petitioner, v Patricia B. Adduci, as Commissioner of the New York State Department of Motor Vehicles, et al., Respondents. [599 NYS2d 695] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Motor Vehicles which denied petitioner's request for registration as a wholesale motor vehicle dealer.

By application dated July 30, 1991, petitioner requested a wholesale motor vehicle dealer license. Respondent Department of Motor Vehicles denied the application based on its determination that petitioner made a material false statement in that he was not the true owner of the business as stated in his request (see, Vehicle and Traffic Law § 415 [9] [a], [f]). Upon further administrative review, respondent Commissioner of Motor Vehicles sustained the initial determination and this CPLR article 78 proceeding ensued.

We confirm the administrative determination and dismiss the petition. On his application, petitioner listed only himself as the owner of the business. In addition, petitioner testified at the hearing on this matter that he would manage the business himself without any assistance. The Department's investigator, however, noted in his report that when he interviewed petitioner, petitioner was unable to make the appropriate entries in a dealer's purchase registry which dealers are required to complete. Petitioner was also unable to read a section of the Commissioner's regulations. Petitioner testified that if he had trouble filling out the required forms he would not hire any members of his family to help him. At the time of the investigator's interview with petitioner, however, he brought one of his sons with him. In addition, the record reveals that petitioner's wife and two sons had previously had dealers' licenses which were revoked. Petitioner's wife and one of his sons lived with petitioner at the listed place of business.

The investigator's report also noted that petitioner's relatives had previously attempted to locate automotive businesses where other relatives had done business at times when their licenses had been revoked.

Thus, although petitioner contended that he would manage the business alone, it was uncontradicted that he was incapable of filling out the required forms. These facts, coupled with the information concerning petitioner's relatives, provides substantial evidence to support the conclusion that petitioner made a false statement in indicating that he was the true owner of the business (see, Matter of Romeo v Adduci, 151 AD2d 947; Matter of Old Country Toyota Corp. v Adduci, 144 AD2d 471; see also, Matter of Berger v Leach, 103 AD2d 1018).

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.