■ In the Matter of Benjamin J. Lieberman, Respondent, v City of New York, Appellant. [859 NYS2d 745]—In a proceeding pursuant to CPLR article 78 to review a determination of the City of New York, Department of Finance, Parking Violations Adjudication Division, dated February 5, 2007, which, after a hearing, affirmed a determination of an administrative law judge finding that the petitioner had violated New York City Traffic Rules and Regulations (34 RCNY) § 4-08 (k) (6), the City of New York appeals from a judgment of the Supreme Court, Kings County (F. Rivera, J.), dated May 18, 2007, which granted the petition and annulled the determination.

Ordered that the appeal is dismissed, and the judgment dated May 18, 2007 is vacated; and it is further,

Adjudged that the determination dated February 5, 2007 is confirmed, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the appellant.

Judicial review of a determination rendered by an administrative body after a hearing is limited to whether that determination is supported by substantial evidence based upon the entire record (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 179-180 [1978]; *Matter of L. Camino Trucking v Martinez,* 5 AD3d 597 [2004]; *Matter of Scara-Mix, Inc. v Martinez,* 305 AD2d 418 [2003]).

Since the petition raises a question of whether the challenged determination is supported by substantial evidence, and the

remaining points raised by the petitioner that were disposed of by the Supreme Court were not objections that could have terminated the proceeding within the meaning of CPLR 7804 (g), the Supreme Court should have transferred the proceeding to this Court (*see Matter of Sureway Towing, Inc. v Martinez*, 8 AD3d 490 [2004]; *Matter of Stein v County of Rockland*, 259 AD2d 552, 553 [1999]; *Matter of Duso v Kralik*, 216 AD2d 297 [1995]). Nonetheless, since the record is now before us, we will treat the proceeding as if it had been properly transferred, and review the matter accordingly (*see Matter of Patricia Ann Cottage Pub, Inc. v Mermelstein*, 36 AD3d 816, 817 [2007]; *Matter of Casalino Interior Demolition Corp. v State of N.Y. Dept. of Motor Veh. Traffic Violations Bur. Appeals Bd.*, 261 AD2d 615 [1999]; *Matter of Christy v Department of Motor Vehs., Div. of Veh. Safety of State of N.Y.*, 138 AD2d 700 [1988]; CPLR 7804 [g]).

Contrary to the petitioner's contention, there is substantial evidence in the record to support the determination under review (*see* 34 RCNY 4-08 [k] [6]; *see generally* Vehicle and Traffic Law § 1640; 34 RCNY 4-02 [a]; *Fieldston Prop. Owners' Assn. v City of New York*, 16 NY2d 267 [1965]; *cf. Watts v Colonial Sand & Stone Co.*, 31 NY2d 685 [1972]). Thus, the determination must be confirmed and the proceeding dismissed (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]).

The appellant's remaining contentions are without merit. Mastro, J.P., Skelos, Balkin and Leventhal, JJ., concur.