In the Matter of SCOTT F. SANDS, Petitioiner, v RICHARD F. DAINES et al., Respondents. [893 NYS2d 245]—

"Judicial review of an administrative determination made after a hearing required by law, and at which evidence was taken,

is limited to whether the determination is supported by substantial evidence (*Matter of Mill Riv. Club, Inc. v New York State Div. of Human Rights*, 59 AD3d 549, 553 [2009]; *see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *Matter of Lieberman v City of New York*, 52 AD3d 719 [2008]; *Matter of Scara-Mix, Inc. v Martinez*, 305 AD2d 418 [2003]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 180; *see Matter of Bush v Mulligan*, 57 AD3d 772, 775 [2008]).

Here, the determination of the Commissioner of the New York State Department of Health (hereinafter the Commissioner) to discontinue the petitioner's medical assistance benefits on the ground that he is not a resident of the State of New York is supported by substantial evidence in the record, which includes proof that the petitioner has lived continuously in the State of Florida since 1989, never having returned to New York due to his medical condition. In addition, the Florida home in which the petitioner lives is owned by the petitioner and his mother as joint tenants with the right of survivorship. Moreover, the petitioner has received an annual tax exemption for the property "for totally and permanently disabled persons" pursuant to Fla Stat § 196.101, which requires the recipient of the exemption to be a permanent resident of Florida (*see* Fla Stat § 196.101 [3], [4] [a]).

The petitioner's remaining contentions are without merit. Covello, J.P., Angiolillo, Balkin and Sgroi, JJ., concur.