# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

597

TP 11-02206

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, AND LINDLEY, JJ.

---

IN THE MATTER OF G&S MANAGEMENT, INC.
AND GUIDO SCIRRI, PETITIONERS,

V                                                    MEMORANDUM AND ORDER

BARBARA J. FIALA AND NEW YORK STATE DEPARTMENT
OF MOTOR VEHICLES, RESPONDENTS.

---

GARY D. BOREK, LLC, BUFFALO (GARY D. BOREK OF COUNSEL), FOR
PETITIONERS.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARLENE O. TUCZINSKI
OF COUNSEL), FOR RESPONDENTS.

---

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Erie County [Tracey A.
Bannister, J.], entered September 16, 2011) to review a determination
of respondents. The determination, inter alia, suspended petitioners'
used car dealer registration and imposed monetary penalties.

It is hereby ORDERED that the determination is unanimously
confirmed without costs and the petition is dismissed.

Memorandum: Petitioners, operators of a used car dealership,
commenced this CPLR article 78 proceeding seeking to annul the
determination that they violated Vehicle and Traffic Law §§ 417 and
415 (9) (d), as well as 15 NYCRR 78.11 (a) (15) (i), as made
applicable by 15 NYCRR 78.11 (b). We reject petitioners' contention
that the determination is not supported by substantial evidence (*see
generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45
NY2d 176, 181-182). At the vehicle safety hearing before the
Administrative Law Judge (ALJ), respondents presented the testimony of
an investigator and the complainant concerning the major rear seal oil
leak and serious brake and steering defects in the vehicle at the time
it was delivered to the complainant. Thus, the vehicle "was in no
condition to render satisfactory service upon the public highway" as
required by Vehicle and Traffic Law § 417, and petitioners' inspection
of the vehicle was patently inadequate to detect those obvious
problems (*Matter of Port City Ford-Mercury v Adduci*, 145 AD2d 941).
The finding of the ALJ with respect to the violation of that statute
therefore is supported by substantial evidence and has a rational
basis (*see id.*). Further, petitioners conceded that the complainant
was overcharged for the cost of vehicle registration fees, and the

complainant testified at the hearing that petitioners did not provide
her with a copy of the Retail Certificate of Sale, i.e., form MV-50,
at the time of sale and delivery.  We therefore conclude that the
determination that they violated Vehicle and Traffic Law § 415 (9) (d)
and 15 NYCRR 78.11 (a) (15) (i) is supported by substantial evidence.

We reject petitioners' further contention that, because the
vehicle safety hearing was not commenced within the 12 months of the
filing of the complaint, dismissal of the charges is required (*see* 15
NYCRR 127.2 [b] [1]).  The time period contained in the regulation is
directory rather than mandatory, and a violation thereof does not
require dismissal of the charges or annulment of the determination
(*see Matter of Dickinson v Daines*, 15 NY3d 571, 575-576).

We have considered petitioners' remaining contentions and
conclude that they are without merit.

Entered:  April 27, 2012                    Frances E. Cafarell
                                            Clerk of the Court