◼ In the Matter of WESTBURY SUPERSTORES, LTD., Doing Business as WESTBURY TOYOTA, Petitioner, v STATE OF NEW YORK DEPARTMENT OF MOTOR VEHICLES et al., Respondents. [40 NYS3d 476]—

Proceeding pursuant to CPLR article 78 to review so much of an amended determination of the New York State Department of Motor Vehicles Administrative Appeals Board, dated August 27, 2013, as affirmed a determination of an administrative law judge dated September 21, 2012, made after a hearing, finding that the petitioner committed three separate violations of Vehicle and Traffic Law § 415 (9) (c) and revoked the petitioner's dealer license.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that so much of the amended determination as imposed a penalty revoking the petitioner's dealer license is annulled, the amended determination is otherwise confirmed, the petition is otherwise denied, the proceeding is otherwise dismissed on the merits, and the

matter is remitted to the respondents for the imposition of an appropriate penalty no greater than a 30-day suspension of the petitioner's dealer license.

After receiving and investigating a consumer complaint, the respondent State of New York Department of Motor Vehicles charged the petitioner with various violations of the Vehicle and Traffic Law and related regulations. After conducting a hearing, an administrative law judge (hereinafter the ALJ) sustained 14 out of the 15 charges against the petitioner and, thereupon, imposed certain monetary penalties and also revoked the petitioner's dealer license. The petitioner appealed to the New York State Department of Motor Vehicles Administrative Appeals Board (hereinafter the Appeals Board), which, in an amended determination, affirmed the ALJ's determination.

Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to review so much of the Appeals Board's amended determination as affirmed the ALJ's determination that the petitioner committed three separate violations of Vehicle and Traffic Law § 415 (9) (c) and revoked the petitioner's dealer license. After the respondents answered the petition, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g), since a question of substantial evidence was raised.

" 'To annul an administrative determination made after a hearing directed by law at which evidence is taken, a court must conclude that the record lacks substantial evidence to support the determination' " (*Matter of DeMichele v Department of Motor Vehs. of N.Y. State*, 136 AD3d 629, 630 [2016], quoting *Matter of Mannino v Department of Motor Vehs. of State of N.Y.—Traffic Violations Div.*, 101 AD3d 880, 880 [2012]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978] [citation omitted]). Here, substantial evidence supports the determination that the petitioner committed three separate violations of Vehicle and Traffic Law § 415 (9) (c) (*see Matter of Wantagh AMC/Jeep v Passidomo*, 120 AD2d 534, 535 [1986]; *see also Matter of Allstate Ins. Co. v Foschio*, 93 AD2d 328, 331-332 [1983]; *see generally Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25-26 [1995]; *People v Federated Radio Corp.*, 244 NY 33, 38-39 [1926]).

However, we agree with the petitioner that the penalty of revoking its dealer license was "so disproportionate to the of-

fense[s], in the light of all the circumstances, as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]; *see Matter of Little Reb Auto Corp. v New York State Dept. of Motor Vehs.*, 93 AD2d 821, 821-822 [1983]; *Matter of Prince Motors v Commissioner of Motor Vehs. of State of N.Y.*, 15 AD2d 708, 709 [1962]; *see also Matter of New Rochelle Ford v Jackson*, 261 AD2d 547 [1999]; *Matter of Romeo v Adduci*, 151 AD2d 947 [1989]; *Matter of Old Country Toyota Corp. v Adduci*, 144 AD2d 470 [1988]; *Matter of Wantagh AMC/Jeep*, 120 AD2d at 534-535). Accordingly, we annul so much of the amended determination as imposed a penalty revoking the petitioner's dealer license and remit the matter to the respondents for the imposition of an appropriate penalty no greater than a 30-day suspension of the petitioner's dealer license. Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.