■ In the Matter of JD's Towing & Battery Center, Inc., Petitioner, v New York State Department of Motor Vehicles et.al., Respondents. [47 NYS3d 99]—

Proceeding pursuant to CPLR article 78, in effect, to review a determination of the New York State Department of Motor Vehicles Repair Shop Review Board dated July 29, 2015, which affirmed a decision of an Administrative Law Judge dated March 22, 2013, made after a hearing, finding that the petitioner had violated 15 NYCRR 82.5 (l) and had willfully violated 15 NYCRR 82.5 (b), (c) and (g), imposed a civil penalty of $550 for each violation, and suspended the petitioner's shop registration for a period of 15 days.

Adjudged that the determination dated July 29, 2015, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The complainants' vehicle broke down on the New York State Thruway in December 2010 and was towed to the petitioner's repair facility. In May 2011, the vehicle still had not been fully repaired and returned to the complainants, who then filed a complaint with the respondent New York State Department of Motor Vehicles (hereinafter DMV). The vehicle was returned to the complainants on July 15, 2011, and it broke down again within a few days. A DMV inspector conducted an investigation and ultimately concluded that the petitioner had violated a number of regulations promulgated under 15 NYCRR 82.5, which governs the obligations of motor vehicle repair shops in New York State.

After a hearing on the alleged violations, an Administrative Law Judge (hereinafter ALJ) concluded that the petitioner had (1) willfully failed to note oral work orders on the invoice in violation of 15 NYCRR 82.5 (b), (2) willfully failed to provide the customer with an invoice containing the requisite legible information in violation of 15 NYCRR 82.5 (c), (3) willfully failed to provide quality repairs in violation of 15 NYCRR 82.5 (g), and (4) failed to complete repairs in a prompt and timely manner in violation of 15 NYCRR 82.5 (l). The ALJ imposed a civil penalty of $550 for each of the violations, and imposed a 15-day suspension of the petitioner's repair shop registration for each of the violations that was willful, to run concurrently (see Vehicle and Traffic Law § 398-e [1] [i]). Following an administrative appeal, in a decision dated July 29, 2015, the DMV Repair Shop Review Board affirmed the ALJ's decision.

The respondents' determination as to each of the violations

is supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-182 [1978]). In addition, the fine and penalty imposed for each offense is not so disproportionate to the offense as to be shocking to one's sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]), particularly in light of the petitioner's history of other violations (*see Matter of Marcon, Inc. v Department of Motor Vehs.*, 171 AD2d 664 [1991]; *Matter of Precise Auto Elec. v Commissioner of Motor Vehs.*, 151 AD2d 680, 681 [1989]; *cf. Matter of R & R MacIntosh v State of N.Y., Dept. of Motor Vehs.*, 180 AD2d 1004 [1992]; *Matter of Gibraltar Collision v New York State Dept. of Motor Vehs.*, 114 AD2d 958 [1985]; *Matter of Montgomery Ward & Co. v New York State Dept. of Motor Vehs.*, 90 AD2d 643 [1982]). Rivera, J.P., Roman, Duffy and Brathwaite Nelson, JJ., concur.