# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**553**

**TP 16-01783**

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF MICHAEL D. DEMARCO, PETITIONER,

V         MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES,
RESPONDENT.

---

NORMAN P. DEEP, CLINTON, FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PATRICK A. WOODS OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Oneida County [Bernadette T. Clark, J.], entered July 1, 2016) to review a determination of respondent. The determination, among other things, suspended petitioner's license to operate a used vehicle dealership.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner, the operator of a registered used automobile dealership, commenced this CPLR article 78 proceeding seeking to annul the determination that he violated Vehicle and Traffic Law §§ 415 (9) (c) and 417, as well as 15 NYCRR 78.13 (c) (13). We reject petitioner's contention that the determination is not supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182).

At the hearing before the Administrative Law Judge (ALJ), respondent presented the testimony and report of its investigator establishing that a certified inspector in the geographical area of petitioner's dealership was engaged in a "clean scanning" operation in which the inspector used an electronic device known as a "simulator" to generate false inspection certificates for various vehicles that otherwise could not pass the requisite emissions inspection. According to the investigator, the inspector admitted that he performed "clean scans" at night in the rear bays that he rented from an inspection facility, and that he had made his fraudulent operation known. The inspector was engaged exclusively in illegitimate inspections. When interviewed by the investigator, petitioner admitted that he had experienced problems in getting the monitors of a particular vehicle to set, and he did not deny that the vehicle was

unable to legitimately pass an emissions inspection.  At the hearing, petitioner specified that he could not get the monitors to set even after driving the vehicle for 400 or 500 miles and spending approximately $300 on parts.  Upon speaking with others in the area, petitioner was informed that the inspector would be able to take care of the issue at night and get the vehicle to pass inspection.  The vehicle was given to the inspector, who returned it to petitioner a couple of days later with an inspection certificate in the front seat.  The inspector informed petitioner that he merely resealed the gas cap.  Petitioner sold the vehicle to a customer approximately one month later, as evidenced by the Retail Certificate of Sale referencing the inspection certificate that petitioner had obtained from the inspector.

Upon consideration of the foregoing evidence and, in particular, petitioner's persistent problems with the vehicle and his decision to actively seek out the inspector's services upon the advice of others in the area after the inspector had started "clean scanning" vehicles at night from the rear of an inspection facility, we conclude that the ALJ could reasonably and logically infer from the circumstances that petitioner knew that the inspector would generate a false inspection certificate for the vehicle (*see generally Matter of Klein v Sobol*, 167 AD2d 625, 628, *lv denied* 77 NY2d 809; *Matter of Lyon Coram Auto Body v New York State Dept. of Motor Vehs.*, 147 AD2d 564, 565).  Although petitioner denied knowledge that the inspector would use a simulator to "clean scan" the vehicle at the time he sought the inspector's services, such testimony presented an issue of credibility, which the ALJ was in the best position to assess, and "his 'role in assessing such credibility will not be disturbed by this Court' " (*Matter of Abramson v New York State Dept. of Motor Vehs.*, 302 AD2d 885, 886).  We thus conclude that the determination that petitioner violated Vehicle and Traffic Law § 415 (9) (c) by engaging in fraudulent practice is supported by substantial evidence.

We further conclude that there is substantial evidence supporting the ALJ's determination that petitioner, upon selling the vehicle, falsely certified that the vehicle was roadworthy in violation of Vehicle and Traffic Law § 417 and 15 NYCRR 78.13 (c) (13) when, in fact, the emissions system had not been inspected and was not in good working order (*see Matter of G&S Mgt., Inc. v Fiala*, 94 AD3d 1577, 1578).

Petitioner also contends that he was denied due process because the ALJ relied on evidence inapplicable to the charges against him.  We reject that contention.  Having reviewed the decision in its entirety, we conclude that the ALJ's references in the findings of fact to other vehicles contained in the investigator's report that did not belong to petitioner constitute mere clerical errors that do not warrant reversal, and that the ALJ unequivocally sustained the charges based upon petitioner's sale of petitioner's vehicle (*see generally Matter of Bazin v Novello*, 301 AD2d 975, 976).

Finally, we reject petitioner's challenge to the suspension of

his dealer registration for 90 days. " 'The public has a right to be protected against deceitful practices by an auto dealer' " and, under the circumstances here, we conclude that "the penalty is not 'so disproportionate to the offense as to be shocking to one's sense of fairness' " (*Matter of T's Auto Care, Inc. v New York State Dept. of Motor Vehs. Appeals Bd.*, 15 AD3d 881, 881; *see Abramson*, 302 AD2d at 886; *Matter of Precise Auto Elec. v Commissioner of Motor Vehs.*, 151 AD2d 680, 681).

Entered:  May 5, 2017                               Frances E. Cafarell
                                                     Clerk of the Court