█ In the Matter of SAMUEL LICARI, Doing Business as LACARI MOTOR CAR, INC., Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent. [61 NYS3d 428]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Herkimer County [Erin P. Gall, J.], entered January 19, 2017) to review a determination of respondent. The determination suspended the automobile dealership license of petitioner.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner, who operates a used car dealership, commenced this CPLR article 78 proceeding seeking to annul the determination that he violated Vehicle and Traffic Law § 415 (9) (c). Contrary to petitioner's contention, the determination is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). At the vehicle safety hearing before the Administrative Law Judge (ALJ), a customer of petitioner testified that she paid a $200 deposit toward one of petitioner's vehicles, with completion of the sale pending a financing arrangement acceptable to her. The customer further testified that one of petitioner's salespeople had told her that she could obtain a refund of her deposit if she decided not to buy a vehi-

cle from petitioner. Petitioner and his sales manager both admitted, however, that petitioner refused the customer's request to refund the deposit when she decided not to buy a vehicle from petitioner. Petitioner acknowledged that, at the time the customer sought the refund, there had been no agreement on certain terms of the sale, including financing. We conclude that the finding of the ALJ that petitioner's conduct in denying the refund constituted a fraudulent practice has a rational basis and is supported by substantial evidence (*see Matter of DeMarco v New York State Dept. of Motor Vehs.*, 150 AD3d 1671, 1673 [2017]; *see also* § 415 [9] [c]).

We reject petitioner's challenge to the penalty imposed, i.e., suspension of his dealer registration for 30 days. Given that petitioner has a history of violations (*see generally Matter of Lynch v New York State Dept. of Motor Vehs. Appeals Bd.*, 125 AD3d 1326, 1326-1327 [2015]), and that "[t]he public has a right to be protected against deceitful practices by an auto dealer" (*Matter of Acer v State of N.Y. Dept. of Motor Vehs.*, 175 AD2d 618, 618 [1991]), we conclude that the penalty is not "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974] [internal quotation marks omitted]; *see Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001], *rearg denied* 96 NY2d 854 [2001]; *Matter of T's Auto Care, Inc. v New York State Dept. of Motor Vehicles Appeals Bd.*, 15 AD3d 881, 881-882 [2005]). Present—Smith, J.P., DeJoseph, Curran, Troutman and Winslow, JJ.