Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Oneida County [Samuel D. Hester, J.], entered Oct. 24, 2014) to review a determination of respondent. The determination revoked petitioner’s certification to perform New York State motor vehicle inspections.
 

 It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.
 

 Memorandum: Petitioner, the operator of a motor vehicle dealership and inspection station, commenced this CPLR article 78 proceeding challenging those parts of respondent’s determination finding that he violated Vehicle and Traffic Law § 303 (e) (3) and revoking his certification as a vehicle inspector and his facility’s license to perform inspections. Contrary to petitioner’s contention, substantial evidence supports respondent’s determination that he violated section 303 (e) (3) (see Matter of A & U Auto Repair v New York State Dept. of Motor Vehs., 135 AD3d 856, 857 [2d Dept 2016]; Matter of Falbo v Fialo, 108 AD3d 1228, 1229 [4th Dept 2013]; see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]), i.e., that he engaged in fraud by arranging for the use of an electronic “simulator” to obtain an inspection certificate for a vehicle that had not legitimately passed the requisite emissions inspection (see Matter of DeMarco v New York State Dept. of Motor Vehs., 150 AD3d 1671, 1672-1673 [4th Dept 2017]; see generally Matter of Khan Auto Serv., Inc. v New York State Dept. of Motor Vehs., 123 AD3d 1258, 1258-1260 [3d Dept 2014]). Petitioner’s testimony denying knowledge that a simulator had been used by the person who performed the emissions inspection merely presented an issue of credibility that the Administrative Law Judge was entitled to resolve against him (see DeMarco, 150 AD3d at 1673; JLM Auto Repair v Martinez, 309 AD2d 503, 504 [1st Dept 2003]; see generally Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]). Contrary to petitioner’s further contention, the penalty of revocation is not “so disproportionate to the offense as to be shocking to one’s sense of fairness” (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 237 [1974]; see Matter of Lynch v New York State Dept. of Motor Vehs. Appeals Bd., 125 AD3d 1326, 1327 [4th Dept 2015]; Matter of Watson v Fiala, 101 AD3d 1649, 1651 [4th Dept 2012]), particularly given that petitioner had previously been disciplined for similar misconduct in performing emissions inspections (see Matter of Somma v Jackson, 268 AD2d 763, 764-765 [3d Dept 2000]; Matter of A & F Gulf Serv. v Jackson, 260 AD2d 474, 474 [2d Dept 1999]).
 

 Present—Whalen, P.J., Centra, Lindley, Troutman and Winslow, JJ.