Matter of American Auto Stock, Inc. v Egan (2018 NY Slip Op 07911)





Matter of American Auto Stock, Inc. v Egan


2018 NY Slip Op 07911


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND NEMOYER, JJ.


1223 TP 18-00673

[*1]IN THE MATTER OF AMERICAN AUTO STOCK, INC., DOING BUSINESS AS MARINA MITSUBISHI, PETITIONER,
v
THERESA L. EGAN, IN HER OFFICIAL CAPACITY AS EXECUTIVE DEPUTY COMMISSIONER OF NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, RESPONDENT. 






CHRISTOPHER J. ENOS, ROCHESTER, FOR PETITIONER. 
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Monroe County [Debra A. Martin, A.J.], entered April 10, 2018) to review a determination of respondent. The determination, among other things, suspended petitioner's dealer registration for two concurrent periods of 14 days and imposed civil penalties. 
It is hereby ORDERED that the determination is confirmed without costs and the petition is dismissed.
Memorandum: Petitioner, an automobile dealership, commenced this CPLR article 78 proceeding seeking to review a determination of respondent that ordered it to pay civil penalties and suspended its dealer registration for a period of 14 days. After conducting a hearing, an Administrative Law Judge sustained 8 of the 10 charges alleged by the State of New York Department of Motor Vehicles against petitioner. The charges stemmed from petitioner's failure to keep appropriate records pursuant to the regulations for issuing license plates and temporary registrations to purchasers of vehicles (see 15 NYCRR part 78). In this proceeding, petitioner challenges the determination with respect to just three of the charges. We conclude that the determination with respect to those three charges is supported by substantial evidence (see generally Matter of Licari v New York State Dept. of Motor Vehs., 153 AD3d 1598, 1598 [4th Dept 2017]). There was substantial evidence at the hearing that petitioner omitted information from MV-50 forms (see 15 NYCRR 78.11), failed to maintain a daily record of the temporary registrations that it issued (see 15 NYCRR 78.23 [g] [1]), and lent license plates to another dealership (see 15 NYCRR 78.23 [h] [5]). Contrary to petitioner's further contention, the suspension of its dealer registration for 14 days is not shocking to one's sense of fairness (see Matter of Huntington Chrysler-Plymouth v Commissioner of Motor Vehs. of State of N.Y., 156 AD2d 560, 561 [2d Dept 1989]; see generally Matter of Pell v Board of Educ. of Union Free Sch. Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]). While we agree with petitioner that it did not engage in fraudulent practices (cf. Matter of Westbury Superstores, Ltd. v State of N.Y. Dept. of Motor Vehs., 144 AD3d 695, 696 [2d Dept 2016]), petitioner has a history of prior violations of the regulations, thus warranting the suspension (see Licari, 153 AD3d at 1599). We have considered petitioner's remaining contention and conclude that it lacks merit.
All concur except Lindley, J., who dissents in part and votes to modify in accordance with the following memorandum: I respectfully dissent. I agree with the majority that the determination of the Department of Motor Vehicles (DMV) that petitioner violated various regulations set forth in 15 NYCRR part 78 is supported by substantial evidence. In my view, however, the penalty imposed for two of the violations — a 14-day suspension of petitioner's dealer registration — is "so disproportionate to the offense[s] as to be shocking to one's sense of fairness" (Matter of Acer v State Dept. of Motor Vehs., 175 AD2d 618, 618 [4th Dept 1991]). [*2]Granted, petitioner has demonstrated a pattern of sloppy record-keeping and has been repeatedly fined in the past for committing the same type of violations. Nevertheless, petitioner did not defraud or cheat any customers, and a suspension of petitioner's dealer registration may well result in Mitsubishi Motor Sales of America, Inc. terminating its franchise agreement with petitioner. Of course, a termination of the franchise agreement will have an adverse impact not just on petitioner, but also on all of its employees, most of whom did nothing wrong.
I note that the two violations for which the suspension was issued involved petitioner's failure to keep proper records of dealer-issued registrations and transfer of registration number plates to another dealer, which shared a common owner with petitioner. Because the DMV no longer permits petitioner to issue license plates to its customers, there is no danger that petitioner will commit further violations of a similar nature. Under the circumstances, I conclude that the fines imposed, totaling $8,000, along with the DMV's termination of petitioner's authority to issue license plates, are a sufficient penalty for petitioner's misconduct, which, again, did not harm any of its customers. I would therefore grant the petition in part and reduce the penalty accordingly.
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court