Matter of E Auto Discount, Inc. v Schroeder (2022 NY Slip Op 05421)

Matter of E Auto Discount, Inc. v Schroeder

2022 NY Slip Op 05421

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND WINSLOW, JJ.

629 TP 22-00427

[*1]IN THE MATTER OF E AUTO DISCOUNT, INC., PETITIONER,
v
MARK J.F. SCHROEDER, COMMISSIONER, NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, RESPONDENT. 

LAW OFFICE OF ROBERT D. BERKUN, BUFFALO (PHILIP A. MILCH OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KEVIN C. HU OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Erie County [Paul Wojtaszek, J.], entered April 28, 2021) to review a determination of respondent. The determination, inter alia, found that petitioner violated Vehicle and Traffic Law § 415 (9) (c) and suspended petitioner's dealership registration for a period of 30 days and imposed a civil penalty. 
It is hereby ORDERED that the determination is unanimously modified on the law and the petition is granted by annulling that part of the determination finding that petitioner violated Vehicle and Traffic Law § 415 (9) (c) and vacating the penalty imposed thereon, and as modified the determination is confirmed without costs.
Memorandum: Petitioner, the operator of a registered used automobile dealership, commenced this CPLR article 78 proceeding seeking to annul that part of a determination finding that it violated Vehicle and Traffic Law § 415 (9) (c). That finding was based upon petitioner's allegedly fraudulent statement to a customer (complainant) that a vehicle that it sold to the complainant came with an extended warranty. We agree with petitioner that the determination with respect to that finding is not supported by substantial evidence (see generally Matter of Jennings v New York State Off. of Mental Health, 90 NY2d 227, 239 [1997]; Matter of West v State Univ. of N.Y. at Buffalo, Off. of Vice-President for Student Affairs, 159 AD3d 1486, 1487 [4th Dept 2018]).
At the hearing before the Administrative Law Judge (ALJ), respondent presented the testimony of an investigator establishing that petitioner sold the complainant a 2011 Jeep with a six-month or 7,500-mile extended power train warranty through nonparty Penn Warranty Corporation (PWC). The complainant testified that, when he attempted to make a claim under the warranty approximately five months after he purchased the vehicle, PWC informed him that it could not find the extended warranty for the 2011 Jeep in its system. Both the investigator and the complainant testified that petitioner's owner blamed PWC's inability to find the extended warranty on a "glitch in the system," which prevented the payment for the warranty from being made. However, petitioner presented the testimony of a PWC employee, who testified that an extended warranty had been purchased. According to the employee, at the time the complainant filed a claim, the warranty had expired due to mileage and, thus, there was no active contract in the system at that time. Indeed, it is undisputed that the warranty had expired due to mileage at the time the claim was made and, contrary to the ALJ's finding, PWC's employee explicitly testified to the existence of a record showing that the warranty had been purchased.
Furthermore, respondent did not submit any evidence establishing that petitioner willfully [*2]or purposefully misled the complainant with respect to the extended warranty (cf. Matter of Licari v New York State Dept. of Motor Vehs., 153 AD3d 1598, 1598-1599 [4th Dept 2017]; Matter of DeMarco v New York State Dept. of Motor Vehs., 150 AD3d 1671, 1672-1673 [4th Dept 2017]; Matter of Romeo v Adduci, 151 AD2d 947, 948 [3d Dept 1989]). To the contrary, the evidence at the hearing established that petitioner believed that the warranty had, in fact, been purchased inasmuch as petitioner faxed the complainant a copy of the warranty receipt in order to assist the complainant in filing a claim. It was only after PWC was unable to find the vehicle's warranty in its system for a second time that petitioner informed the complainant, albeit incorrectly, that the warranty had not been paid for due to a "glitch in the system." We therefore modify the determination by granting the petition, annulling that part of the determination finding that petitioner violated Vehicle and Traffic Law § 415 (9) (c), and vacating the penalty imposed thereon, i.e., suspension of petitioner's dealer registration for 30 days plus a monetary penalty of $500.
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court