Matter of K & M Motors, Inc. v State of New York Dept. of Motor Vehicles (2024 NY Slip Op 05695)

Matter of K & M Motors, Inc. v State of New York Dept. of Motor Vehicles

2024 NY Slip Op 05695

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND HANNAH, JJ.

712 TP 24-00718

[*1]IN THE MATTER OF K AND M MOTORS, INC., PETITIONER,
v
STATE OF NEW YORK DEPARTMENT OF MOTOR VEHICLES, AND LESLIE F. BRENNAN, AS DEPUTY COMMISSIONER OF MOTOR VEHICLES OF NEW YORK STATE, RESPONDENTS. 

JAMES A.W. MACLEOD, BUFFALO, AND LINWOOD ROBERTS, FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (TED O'BRIEN OF COUNSEL), FOR RESPONDENTS. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Emilio Colaiacovo, J.], entered March 27, 2024) to review a determination of respondents. The determination sustained charges against petitioner, imposed civil penalties, and revoked petitioner's certificate of registration as a dealer. 
It is hereby ORDERED that the determination so appealed from is unanimously modified on the law by annulling that part of the determination finding that petitioner violated 15 NYCRR 78.10 (c) (1) and vacating the penalty imposed thereon, and as modified the determination is confirmed without costs.
Memorandum: Petitioner, an automobile dealership, purportedly commenced this CPLR article 78 proceeding by filing an order to show cause signed by Supreme Court and an accompanying attorney affirmation seeking to annul a determination made following a hearing before an Administrative Law Judge (ALJ). The determination sustained the three charges alleged by respondent State of New York Department of Motor Vehicles against petitioner, imposed civil penalties, and revoked petitioner's automobile dealer registration. The charges arose from an investigation following an incident in which petitioner allowed an individual to operate a vehicle with a dealer plate issued to petitioner; that individual, while driving the vehicle in the early morning hours, struck another car and killed the two occupants thereof.
As an initial matter, we note that petitioner's failure to file a petition (see CPLR 304 [a]; 7804 [a]) was a defect in personal jurisdiction, which respondents waived by failing to raise it in their answer (see Holst v Liberatore, 115 AD3d 1216, 1217 [4th Dept 2014]; cf. Goldenberg v Westchester County Health Care Corp., 16 NY3d 323, 327 [2011]).
Contrary to petitioner's contention on the merits, we conclude that substantial evidence supports the ALJ's determination that petitioner improperly used a dealer plate in violation of Vehicle and Traffic Law § 415 (8), as alleged in the first charge (see Matter of Malphrus v State of New York Dept. of Motor Vehs., 191 AD2d 775, 775-776 [3d Dept 1993]), and that petitioner failed to properly maintain its book of registry in violation of 15 NYCRR 78.25 (a) (1), as alleged in the second charge (see Matter of Heydari v Jackson, 237 AD2d 763, 764 [3d Dept 1997], lv denied 90 NY2d 802 [1997]; Matter of Old Country Toyota Corp. v Adduci, 144 AD2d 470, 470-471 [2d Dept 1988]; Matter of Old Country Toyota Corp. v Adduci, 144 AD2d 471, 472 [2d Dept 1988]). We have reviewed petitioner's remaining challenges to the determination with respect to the first and second charges and conclude that, to the extent they are properly before us, none warrants annulment of the determination with respect to those charges. [*2]However, with respect to the third charge, alleging that petitioner violated 15 NYCRR 78.10 (c) (1) by failing to issue a certificate of sale via form MV-50 following the seizure of the vehicle after the incident, we conclude that the ALJ's determination that form MV-50 was required under the circumstances of this case is not supported by substantial evidence (see Matter of Old Country Toyota Corp. v Adduci, 136 AD2d 706, 707 [2d Dept 1988]; cf. Old Country Toyota Corp., 144 AD2d at 472). We therefore modify the determination accordingly.
Petitioner further contends that the ALJ erred in considering information outside the record in determining the appropriate penalty and that the civil penalties and revocation of petitioner's automobile dealer registration imposed on the first and second charges are excessive. Contrary to petitioner's contention, the ALJ properly considered petitioner's history of other violations, which was included among the documents admitted in evidence at the hearing without objection (see Matter of Licari v New York State Dept. of Motor Vehs., 153 AD3d 1598, 1599 [4th Dept 2017]; Matter of JD's Towing & Battery Ctr., Inc. v New York State Dept. of Motor Vehs., 147 AD3d 835, 836 [2d Dept 2017], lv denied 29 NY3d 910 [2017]). Under the circumstances of this case, and considering in particular petitioner's lengthy history of violations, we conclude that the penalty with respect to the first and second charges is not "so disproportionate to the offense[s] as to be shocking to one's sense of fairness" (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 237 [1974]; see Matter of Maroccia v New York State Dept. of Motor Vehs., 155 AD3d 1555, 1556 [4th Dept 2017], lv dismissed 31 NY3d 927 [2018]; Matter of Lynch v New York State Dept. of Motor Vehs.
Appeals Bd., 125 AD3d 1326, 1327 [4th Dept 2015]).
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court